WILLIAM HOWARD *v.* STATE OF INDIANA.

[No. 676S177. Filed October 22, 1976.]

*Harriette Bailey Conn,* Public Defender of Indiana, *David P. Freund,* Deputy Public Defender, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

DEBRULER, J.—Appellant, William Howard, appeals his conviction of two counts of rape, Ind. Code § 35-13-4-3 (Burns 1975) and two counts of sodomy, Ind. Code § 35-1-89-1 (Burns 1975).[1] Appellant raises two issues on appeal: (1) whether the trial court erred in ruling that appellant was mentally competent to stand trial; and (2) whether the trial court permitted improper prejudicial testimony to be given during cross-examination of a defense witness.

### I.

Appellant filed a "motion for commitment before trial" suggesting his incompetency to stand trial. The trial court appointed two psychiatrists to examine appellant and held a hearing on the issue of his competency. At this hearing Dr. William Bourke testified that based upon his examination of appellant he believed that appellant understood the nature of the charges against him but did not possess the capacity to aid in his defense. He elaborated that appellant's refusal to cooperate in the examination led him to believe that appellant could not aid in his defense. Dr. Larry Musselman testified that he was of the opinion that because of appellant's suspiciousness and uncooperativeness, appellant could not aid his attorney in conducting his defense. Neither witness was able to say definitely whether appellant's refusal to cooperate was due to mental disorder or to a wilful decision not to cooperate with the psychiatrists.

1. The appeal comes to this Court because appellant received a life sentence for the rape of one of the victims, who was under twelve years of age.

Appellant testified that his reluctance to be examined was due to his belief that the examinations were conducted without his attorney's knowledge or approval. He testified that he intended to cooperate with his attorney in the conduct of his defense. Appellant also said that he had no mental problems and did not want to be institutionalized.

The trial court ruled that appellant was competent to stand trial. Appellant contends that the court ignored the psychiatric testimony and found appellant competent based upon his own testimony.

Indiana Code § 35-5-3.1-1 (Burns 1975) provides:

"When at any time before the final submission of any criminal cause to the court or jury trying the same, the court, either from its own knowledge or upon the suggestion of any person, has reasonable ground for believing the defendant to be insane, the court shall immediately fix a time for a hearing to determine the question of the defendant's sanity and shall appoint two [2] competent disinterested physicians who shall examine the defendant upon the question of his sanity and testify concerning the same at the hearing. At the hearing, other evidence may be introduced to prove the defendant's sanity or insanity. If the court shall find that the defendant has comprehension sufficient to understand the nature of the criminal action against him and the proceedings thereon and to make his defense, the trial shall not be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall find that the defendant has no comprehension sufficient to understand the proceedings and make his defense, the trial shall be delayed or continued on the ground of the alleged insanity of the defendant. If the court shall [sic] that the defendant has no comprehension sufficient to understand the proceedings and make his defense, the court shall order the defendant committed to the department of mental health, to be confined by the department in an appropriate psychiatric institution."

In appointing the psychiatrists to examine appellant, and in holding the hearing, the court complied with the statute. The issue, then, is whether the trial court's determination of competency is supported by sufficient evidence. That determination involves questions of

fact, and an appropriate finding by the trial court is reversible on appeal only if clearly erroneous as unsupported by the facts and circumstances before the court together with any reasonable inferences to be drawn therefrom.

Although we have held that due process requires that a defendant not be forced to stand trial while incompetent, *Tinsley* v. *State,* (1973) 260 Ind. 577, 298 N.E.2d 429, this holding does not render inapplicable the statutory procedure for determining competency. *Tinsley* v. *State,* (1974) 262 Ind. 144, 312 N.E.2d 72 (on remand).

The testimony of the court-appointed psychiatrists was in substantial agreement: appellant was aware of the nature of the charges and proceedings but could or would not cooperate in his own defense. The conclusion that appellant would not cooperate with his attorney was based upon his suspicion, evasiveness, and lack of cooperation in his examination by the psychiatrists. Appellant's testimony explaining the reasons for his suspicion and uncooperativeness was sufficient to enable the court to reasonably conclude that appellant was capable of cooperating with his counsel and assisting in his defense. It is proper for the trial court to permit a defendant to testify at his own competency hearing and for the court to consider his demeanor in determining his competency. *Vacendak* v. *State,* (1976) 264 Ind. 101, 340 N.E.2d 352. The trial court is not bound by the recommendations of the psychiatric witnesses; otherwise there would be no need for a hearing. Also appellant's argument that an accused may not waive the right not to be tried while incompetent, while valid, *Evans* v. *State,* (1972) 261 Ind. 148, 300 N.E.2d 882, is inapposite; appellant was not held to have waived this right. The question is rather whether there was sufficient evidence to justify the trial court's ruling that appellant was competent to stand trial. We hold that there was.

## II.

Appellant's sole witness was Captain Richard Greiner of the Marion Police, who supervised the investigation of this case. Captain Greiner was asked to authenticate a report he made concerning the investigation, specifically one paragraph describing a report that appellant had been fighting with his wife on the evening of the offense. On cross-examination, the State first attempted to elicit the witness' opinion as to whether appellant was intoxicated when he was arrested, on the evening of the offense. Appellant's objection to this question was sustained. The State then questioned Captain Greiner concerning the fingerprinting of appellant following his arrest, and Captain Greiner was allowed to testify, over objection, that appellant pulled back his hand so as to smear the impression and render the print illegible.

Appellant contends that this testimony was not relevant to any issue material to the case and that it was improper as beyond the scope of direct examination. Appellant filed a special plea raising the defense of insanity, and expert psychiatric testimony was given at his trial.

This Court has frequently held that when the defendant's sanity is in issue, all evidence is admissible which relates to his behavior or environment and has some logical relevance to the issue of his sanity. *Stamper* v. *State*, (1973) 260 Ind. 211, 249 N.E.2d 609, and cases cited therein. The evidence concerning appellant's sobriety and behavior on the night of his arrest, which occurred the same day as the offense, was relevant to the jury's determination of appellant's sanity.

It is true, as appellant asserts, that the scope of cross-examination is limited to subjects brought out on direct examination. *Gatchett* v. *State*, (1973) 261 Ind. 109, 300 N.E.2d 665; *Brooks* v. *State*, (1973) 259 Ind. 678, 291 N.E.2d 559; *Potter* v. *State*, (1971) 257 Ind. 370, 274 N.E.2d 699. However, "the rule is not to be given such a narrow and restricted application as to deny a full investigation into any phase of the subject gone into

upon direct examination. . . ." 259 Ind. at 682, 291 N.E.2d 562. "[O]nce a party opens up a subject on direct examination, he cannot close the subject to cross-examination at his own convenience." *Martin* v. *State*, (1974) 261 Ind. 492, 494, 306 N.E.2d 93, 94. In short, the scope of cross-examination extends to all phases of the subject matter covered in direct, and not only to those parts specifically included in the direct examiner's questions. *Baker* v. *State*, (1967) 249 Ind. 117, 231 N.E.2d 21.

Here Captain Greiner was questioned on direct about one aspect of a report which he had made concerning his investigation of the offenses of which appellant was convicted. On cross-examination he was asked about events occurring at the time of his arrest for those offenses. The events about which the witness was questioned on direct and cross took place in the same investigation on the same day. We believe that they constituted separate aspects of the same subject matter and that the questioning was within the scope of direct examination.

The conviction is affirmed.

Givan, C.J., Arterburn, Hunter and Prentice, JJ., concur.

NOTE.—Reported at 355 N.E.2d 833.