ARCHIE J. BURR *v.* STATE OF INDIANA.

[No. 875S195. Filed October 4, 1977. Rehearing denied December 5, 1977.]

*Max Cohen,* of Gary, for appellant.

*Theodore L. Sendak,* Attorney General, *Daniel Lee Pflum,* Deputy Attorney General, for appellee.

HUNTER, J.—Defendant-Appellant, Archie J. Burr, was charged with two counts of first degree murder in the slayings of Michael and Marlene Lubeck. Prior to trial, a question was raised concerning the defendant's competence to stand trial. Following examination by two court appointed physicians, the court found the defendant competent to stand trial. A plea of not guilty by reason of insanity was made by the defendant. The defendant was found guilty on both counts and was sentenced to life imprisonment. On appeal, three issues are presented for our review:

1. Did the trial court err in determining the defendant competent to stand trial;
2. The sufficiency of the evidence concerning the defendant's sanity at the time of the murders; and
3. The sufficiency of the evidence to sustain the first degree murder convictions.

The evidence presented at trial established the following:

The police were called to an apartment at 9625 Pine Street in Gary, Indiana, by a resident who reported that she believed a shooting had occurred. Arriving at the apartment, the police discovered in the stairwell the fatally wounded body of Michael Lubeck. Police approached the third floor apartment of Marlene Lubeck, Michael's mother, and identified themselves as police officers. After requesting admittance, the police officers heard two shots. They then let themselves into the apartment. Upon entry the police again identified themselves and demanded that anyone in the apartment come forward.

The unclothed defendant came from one of the bedrooms and surrendered to the police. In that bedroom the police found the body of Marlene Lubeck lying across the bed. She had been shot in the head. The defendant admitting shooting Marlene and, although later denying any memory of the killing of Michael, admitted that slaying.

## I.

The defendant alleged that he could not recall the shooting of Michael Lubeck nor the events immediately preceding and following the shooting of Marlene Lubeck. It is argued that the amnesia of the defendant rendered him incompetent to stand trial. This Court in *Reagon* v. *State,* (1968) 253 Ind. 143, 251 N.E.2d 829 (Justice De-Bruler dissenting), held that an amnesiac defendant who understood the charges against him was competent to stand trial, notwithstanding his stated inability to remember the facts concerning the crime.

The trial court appointed two psychiatrists, who stated that in their opinions the defendant was competent to stand trial. Based upon their testimony and its observation of the defendant, it is our opinion that the trial court did not err in finding the defendant competent for trial.

## II.

The defendant challenges the sufficiency of the evidence in regard to his sanity. The issue of the defendant's sanity was raised by a plea of not guilty by reason of insanity. At trial two court appointed psychiatrists testified that in their opinions, the defendant was unable to conform his conduct to the requirements of the law.

Once an accused has raised the issue of his sanity, the burden is upon the state to prove that the accused was sane beyond a reasonable doubt. *Daniels* v. *State,* (1976) 264 Ind. 490, 346 N.E.2d 566.

The question whether one's condition renders him insane is to be decided by the trier of fact. *Blake* v. *State,* (1975) 262 Ind. 659, 323 N.E.2d 227. When reviewing the sufficiency of the evidence to support a determination by the trier of fact, we consider only that evidence which is most favorable to the judgment, together with all reasonable inferences to be drawn therefrom. When there is

substantial evidence of probative value to support the jury's verdict, the conviction will not be set aside. *Daniels* v. *State, supra; Henderson* v. *State,* (1976) 264 Ind. 334, 343 N.E. 2d 776.

The defendant relies upon the fact that both court appointed psychiatrists testified that in their opinions the defendant was unable to conform his conduct to the requirements of the law. The jury is entitled to either believe or disbelieve the testimony of experts and such testimony is not entitled to special weight. *Riggs* v. *State,* (1976) 264 Ind. 263, 342 N.E.2d 838; *Moore* v. *State,* (1973) 260 Ind. 154, 293 N.E.2d 28.

At times, the defendant rambled about his past and at one time beseeched the interrogating officer to beat and kick him. The officer, however, testified that he felt that the defendant was "putting me on." This same officer testified that while making the statement, the defendant appeared calm and gave lucid answers to the questions. When surrendering a few minutes aftaer the shooting, the defendant called out to the police officers that he was coming out and not to shoot. This would indicate the defendant was aware of his predicament and grasped the seriousness of his actions.

There is evidence from which the jury could have determined that the defendant had been lying to the psychiatrists and his emotional outbursts mere histrionics. Therefore, it is our belief that the jury's verdict is supported by sufficient evidence.

### III.

The defendant contends that there was insufficient evidence to support the jury's verdict. To support this contention, he points to a lack of evidence on the elements of purpose and malice.

In order to sustain a conviction of first degree murder it must be shown that the accused acted purposely and with

malice. Ind. Code § 35-13-4-1; *Clark* v. *State*, (1976) 265 Ind. 161, 352 N.E.2d 762. Malice can be inferred from the use of a deadly weapon in a manner reasonably calculated to cause death or bodily harm. *Strickland* v. *State*, (1977) 265 Ind. 664, 359 N.E.2d 244.

The defendant had been with the slain woman for several days. The two had been planning some type of suicide pact. At his reluctance she derided him as "Chicken Charley," and the defendant then shot her intentionally. At one point the defendant stated that he saw Michael Lubeck come from his car and enter the building. One of the neighbors testified that Michael, while outside the apartment, was talking with someone just prior to being shot. This would indicate that the defendant saw Michael and deliberately shot him. There appears from the record sufficient evidence to support the jury's verdict.

For the above reasons, the judgment is affirmed.

Judgment affirmed.

Givan, C.J., DeBruler, Prentice, and Pivarnik, JJ., concur.

NOTE.—Reported at 367 N.E.2d 1085.