MARK COONAN *v.* STATE OF INDIANA.

[No. 1177S789. Filed November 13, 1978.]

*John F. Surbeck, Jr., Thomas L. Ryan,* Deputy Public Defenders, of Fort Wayne, for appellant.

*Theodore L. Sendak,* Attorney General, *Michael Gene Worden,* Deputy Attorney General, for appellee.

HUNTER, J.—The defendant, Mark Coonan, was convicted by a jury of first-degree murder, Ind. Code § 35-13-4-1(a) (Burns 1975), and was sentenced to life imprisonment. He now appeals raising the following issues:

1. Whether the trial court erred in denying defendant's motion to participate actively in the trial;

2. Whether the trial court erred in overruling defendant's objections to the testimony of two police officers during which defendant was referred to as a "suspect";

3. Whether the trial court erred in denying defendant's motion for mistrial as a result of references to a polygraph examination of one of the state's witnesses;

4. Whether the trial court erred in giving the state's tendered instruction No. 10;

5. Whether the trial court erred in refusing to direct a verdict for defendant and whether there was sufficient evidence on the issue of sanity to support the verdict of the jury;

6. Whether the trial court erred in giving state's instructions No. 8 and No. 9;

7. Whether the trial court erred in modifying some of defendant's instructions;

8. Whether the testimony of one of the expert witnesses on the issue of defendant's sanity was properly admitted; and

9. Whether the opinion testimony of a lay witness with respect to defendant's ability to control himself was properly admitted.

The evidence from the record most favorable to the state indicates that the defendant was allegedly angry at Bill Brown because he thought Brown had informed on him to the police about a drug incident. Defendant's girl friend, Laura Theriot, testified that she arranged to meet Brown one night outside a bar and then she and Brown got into defendant's van where defendant was waiting.

She further testified that the three of them drove to the outskirts of Fort Wayne where she parked the van beside the road. Defendant forced Brown, at gunpoint, to walk away from the van into an area commonly known as the "Cook Road Dump." Laura waited in the van and heard several gunshots; then defendant returned to the van alone and they drove off.

Defendant entered a plea of not guilty by reason of insanity. He presented evidence which indicated a long history of drug use for medical reasons during his childhood. The evidence also indicated that he had been voluntarily using drugs since the age of thirteen. There was testimony to the effect that he had taken so many barbiturates on the night of the crime that he passed out earlier in the evening. He contends that he was so heavily under the influence of drugs that he

could not control his actions. A voluminous amount of testimony from both expert and lay witnesses was presented on the issue of defendant's sanity.

I.

Several weeks before trial, the defendant asked the court for permission to represent himself along with his appointed counsel. The court denied this motion. The defendant now claims that his right to represent himself pursuant to *Faretta* v. *California,* (1975) 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562, was violated.

This Court has recently held that there is no constitutional right to hybrid representation and that granting of a request for the same is within discretion of the trial judge. *Bradberry* v. *State,* (1977) 266 Ind. 530, 364 N.E.2d 1183. The decision in *Bradberry* is consistent with several other post-*Faretta* decisions, which have specifically considered *Faretta* and concluded that there is no constitutional right to hybrid representation. *United States* v. *Williams,* (8th Cir. 1976) 534 F.2d 119, 123, *cert. denied,* 429 U.S. 894, 97 S.Ct. 225, 50 L.Ed.2d 177 (1976) ; *United States* v. *Hill,* (10th Cir. 1975) 526 F.2d 1019, 1024-25, *cert. denied,* 425 U.S. 490, 96 S.Ct. 1676, 48 L.Ed.2d 182 (1976) ; *United States* v. *Gaines,* (N.D. Ind. 1976), 416 F.Supp. 1047, 1050-51.

The defendant contends that in the instant case, since he asked for permission for hybrid representation several weeks before trial, there would have been no confusion in joint representation during the trial and that the trial judge abused his discretion by denying the motion. We disagree. There are other issues besides the possibility of confusion which the trial court must consider. One of these is the allocation of power to counsel to make binding decisions of trial strategy. *Faretta, supra.* The defendant has not shown how he was prejudiced by being denied hybrid representation. He has not claimed any ineffectiveness of counsel. The trial court prop-

erly exercised its discretion here, and no error is presented on this issue.

## II.

The defendant alleges that certain testimony of two police officers during which he was referred to as a "suspect" was erroneously admitted because it was opinion testimony by lay witnesses upon an ultimate fact for the jury. The testimony in question concerned the investigation by police of Laura's residence. The police officers were asked why they were at that particular location, and they answered that it was believed to be "the target area of a suspect involved in a homicide." They were then asked if they had been furnished with any names. Over defendant's objections they were allowed to answer with the names of defendant and Laura Theriot.

The old rule that a witness may not give an opinion of an ultimate fact question has been abrogated in this state. *Woods* v. *State,* (1978) 267 Ind. 581, 372 N.E.2d 178; *Rieth-Riley Construction Company, Inc.* v. *McCarrell,* (1975) 163 Ind. App. 613, 325 N.E.2d 844. However, defendant has not demonstrated that the complained of testimony was opinion testimony nor has he cited any cases to uphold this position. What information the officers received was certainly within their personal knowledge and they did not have to make any conclusion as to that information. Any objection to this testimony on other grounds has been waived for failure to argue other grounds. There was no error presented in the admission of this testimony.

## III.

The defendant next alleges that it was reversible error to admit testimony which included two references to a polygraph examination of the state's witness, Laura Theriot. While it is true that references to polygraph examinations are generally not allowed, *Vacendak* v.

*State,* (1976) 264 Ind. 101, 340 N.E.2d 352, such testimony may be admitted if there has been a waiver. *Swan* v. *State,* (1978) 268 Ind. 317, 375 N.E.2d 198.

The first reference to the polygraph examination was made in a videotaped statement of Laura Theriot. The admissibility of the videotaped statement was stipulated by both the defendant and the state. Once a stipulation is entered into between the parties, the facts so stipulated are conclusive upon both the parties and the tribunal. *Faught* v. *State,* (1974) 162 Ind. App. 436, 319 N.E.2d 843. Defendant did not object to the mention of the polygraph examination when the videotape was played to the jury and has thereby waived his right to have all mention of the test excluded. *Swan, supra.*

The second reference to the polygraph examination came during the testimony of Dr. Kilgore who was testifying as an expert witness on the issue of defendant's sanity. The doctor mentioned Laura's polygraph report when he was explaining all the reports he had examined concerning the defendant's history of drug use. This testimony was not elicited, and since the polygraph examination had already been mentioned without objection, there was no error. *Swan, supra.*

## IV.

The defendant objected to state's instruction No. 10 alleging that it tended to emphasize certain facts and invaded the province of the jury. Evidence had been presented during the trial to show that defendant had attempted to plan with others to set fire to Laura's house to keep her from testifying. The court gave the following instruction:

"Evidence has been introduced as to a plan by the defendant to prevent certain witnesses from being present and testifying on behalf of the State at the trial of this case.

"If you find from the evidence that the defendant did so plan to prevent witnesses from testifying, this is a circum-

stance that may be considered by you together with all other evidence in this cause in determining the question of his guilt or innocence."

Before giving this instruction, the court had added the phrase "together with all other evidence in this cause" to the state's original tendered instruction No. 10 to be sure the jury did not unduly emphasize this particular evidence. The giving of instructions lies largely within the discretion of the trial court, and there was no error in giving this instruction as modified where it was a correct statement of the law and was applicable to the evidence presented. *Frasier* v. *State*, (1974) 262 Ind. 59, 312 N.E.2d 77.

### V.

Defendant asserts that the trial court erred in refusing to direct a verdict for him at the conclusion of the state's evidence, and that there was insufficient evidence to support the verdict of the jury with respect to defendant's sanity.

It is true that when a defendant enters a plea of not guilty by reason of insanity, the burden of proving sanity beyond a reasonable doubt is on the state. *Montague* v. *State*, (1977) 266 Ind. 51, 360 N.E.2d 181; *Johnson* v. *State*, (1970) 255 Ind. 324, 264 N.E.2d 57. We treat the issue of defendant's sanity like other questions of fact. *Montague, supra.*

This Court does not judge the credibility of witnesses nor weigh evidence, but rather looks to the evidence most favorable to the state and the reasonable inferences to be drawn therefrom. If there is substantial evidence of probative value to support the conclusion of the trier of fact, that conclusion will not be overturned. *Jones* v. *State*, (1978) 268 Ind. 640, 377 N.E.2d 1349; *Poindexter* v. *State*, (1978) 268 Ind. 167, 374 N.E.2d 509; *Henderson* v. *State*, (1976) 264 Ind. 334, 343 N.E.2d 776.

In the instant case four medical experts testified on the issue of defendant's sanity. The testimony of these experts

was consistent as to the fact that defendant could distinguish right from wrong, but was conflicting as to whether or not he could control his actions. One doctor testified that while defendant could not confirm his behavior to the norms of society in certain areas, he was able to control his behavior with respect to the commission of criminal acts. One other doctor agreed with this, but two doctors felt he could not control his behavior. There was also testimony from several lay witnesses who knew defendant well, including his girl friend, that indicated that defendant could control his behavior and actions at the time in question.

The fact that the expert testimony was conflicting was sufficient reason to deny the motion for a directed verdict. *Carmon* v. *State,* (1976) 265 Ind. 1, 349 N.E.2d 167. The jury is entitled to believe whomever they choose and the testimony of experts is not entitled to special weight. *Burr* v. *State,* (1977) 267 Ind. 75, 367 N.E.2d 1085. All evidence which has a logical reference to defendant's sanity, including his behavior on the day of the offense, is competent on the issue of sanity. *Howard* v. *State,* (1976) 265 Ind. 503, 355 N.E.2d 833; *Williams* v. *State,* (1976) 265 Ind. 190, 352 N.E.2d 733. It is clear that the jury believed the lay testimony and that this testimony meets the standard of review for sufficiency of the evidence on the sanity question. Thus there was no error in denying the motion for directed verdict, and there was sufficient evidence to support the jury's verdict.

## VI.

The defendant alleges that the state's instructions No. 8 and No. 9 were erroneously given. State's instruction No. 8 gives an explanation of the defense of insanity in slightly different language than that approved in *Hill* v. *State,* (1969) 252 Ind. 601, 251 N.E.2d 429. However, both the state's instruction No. 7 and defendant's instruction No. 9 give the correct statement of the defense of insanity in the exact words approved in *Hill, supra.*

The defendant contends that state's instruction No. 8 was confusing because it contained the phrase "a mental disease or defect of such a substantial nature." However, this instruction was primarily speaking of the responsibility of the jury in determining the issue of sanity. Any ambiguity in the complained of phrase is clarified when the instruction is read in conjunction with the other two instructions on the defense of insanity. *Tinsley* v. *State,* (1977) 265 Ind. 642, 358 N.E.2d 743. All instructions are to be read together and construed as a whole.

State's instruction No. 9 is a correct statement of the law on the specific intent necessary for the commission of certain crimes. This instruction correctly deals with the issue of voluntary drug ingestion and its effect upon one's ability to form a specific intent. *Snipes* v. *State,* (1974) 261 Ind. 581, 307 N.E.2d 470. It is clear that this instruction is dealing entirely with the issue of specific intent and does not affect the volitional portion of the insanity defense as defendant alleges. Since the correct test for insanity was given, and all the instructions must be read as a whole, there is no error here in the giving of either instruction.

## VII.

The defendant contends that the trial court erred when it modified his preliminary instruction No. 1 and his final instruction No. 9. In the first instruction the trial court struck out one paragraph of definitions of "mental disease or defect" which the defendant had included from Ind. Code § 16-14-9.1-1 (Burns 1973). There was no error here since it is up to the discretion of the trial court whether or not to give an instruction including definitions. *Stevens* v. *State,* (1976) 265 Ind. 396, 354 N.E.2d 727.

Defendant's instruction No. 9 was a lengthy instruction on the factors the jury was to consider on the issue of defend-

ant's sanity. The trial court struck two small portions dealing with the definition of insanity and the possibility of error in the opinions of lay witnesses. Both these stricken portions were incorrect statements of law. The trial court provided adequate instructions to the jury on the correct definition of insanity and on the factors to be considered in determining the credibility and weight of testimony. There was no reversible error demonstrated here. It is not error to refuse to give instructions which are adequately covered by other instructions. *Hackett* v. *State,* (1977) 266 Ind. 103, 360 N.E.2d 1000.

## VIII.

The defendant also contends that the trial court erred in allowing one of the expert witnesses to express his understanding of the law of insanity. The doctor expressed his opinion of the defendant's sanity by qualifying it with his understanding that the defendant could not hide behind voluntary drug addiction as a basis for a legal defense of insanity.

It is clear that the trial court is given wide latitude in the admission of evidence when a plea of not guilty by reason of insanity has been entered. *Stacker* v. *State,* (1976) 264 Ind. 692, 348 N.E.2d 648. This testimony was material to the issue of defendant's sanity; it was only a small part of the total evidence on the issue of sanity; and the jury was adequately instructed on the correct law of this special defense. No abuse of discretion has been shown.

## IX.

The defendant's final allegation of error is that the trial court erred in allowing a lay witness, Ronald Brown, to testify to his opinion of defendant's ability to control his actions. The witness testified that he knew the defendant and had purchased drugs from him on several occasions.

However, his last contact with the defendant was about a month prior to the offense.

We have clearly held that lay testimony, including opinions, is competent on the issue of sanity. *Sypniewski* v. *State,* (1977) 267 Ind. 224, 368 N.E.2d 1359; *Howard, supra; Williams, supra.* The testimony here was relevant to the issue of defendant's continuing pattern of drug use and its effect on him. When the defendant's sanity is in issue all evidence is admissible which relates to his behavior or environment and has some logical relevance to the issue of his sanity. *Sypniewski, supra.* There was no error here.

For all the foregoing reasons there was no trial court error and the judgment of the trial court should be affirmed.

Judgment affirmed.

Givan, C.J., Prentice and Pivarnik, JJ., concur.

DeBruler, J., concurs in result.

NOTE.—Reported at 382 N.E.2d 157.