Alvin McNARY, Appellant (Defendant below),

v.

STATE of Indiana, Appellee (Plaintiff below).

No. 681S170.

Supreme Court of Indiana.

Dec. 17, 1981.

Edward C. Hilgendorf, South Bend, for appellant.

Linley E. Pearson, Atty. Gen., Kathleen G. Lucas, Deputy Atty. Gen., Indianapolis, for appellee.

HUNTER, Justice.

The defendant, Alvin McNary, was found guilty by a jury of robbery resulting in bodily injury, a class A felony. Ind.Code § 35–42–5–1 (Burns 1979 Repl.). He was sentenced to a term of thirty years in the Indiana Department of Corrections. In his direct appeal, he presents the following issues for our review:

1. Whether the trial court erred when it refused to give defendant's final instruction defining the lesser offenses of robbery, theft, and conversion; and

2. Whether the trial court erred when it refused to give defendant's final instruction defining the statutory term "included offense."

The record reveals that on September 2, 1979, seventy-nine year old Nancy Smith was accosted by a young man as she was walking down Washington Avenue in South Bend, Indiana. The man knocked her to the pavement, kicked her, grabbed her purse, and fled. Her subsequent identification of defendant as the perpetrator culminated in his arrest and conviction for the offense at issue.

## I.

Defendant maintains the trial court erred when it refused to give his tendered instruction, wherein the lesser offenses of robbery, theft, and conversion are presented. He maintains the lesser offenses were "included" offenses of the crime charged, robbery resulting in bodily injury; consequently, he argues, he was entitled to have the jury instructed on the lesser offenses.

 The question whether an instruction should be given on a lesser offense, however, is not solely dependent on the determination that the lesser offense is "included" within the crime charged. *Lawrence v. State*, (1978) 268 Ind. 330, 375 N.E.2d 208; *Hash v. State*, (1972) 258 Ind. 692, 284 N.E.2d 770; *Roddy v. State*, (1979) Ind. App., 394 N.E.2d 1098. Rather, a two-step inquiry must be satisfied before an instruction on a lesser offense should be given. *Id.; see also, Easley v. State*, (1981) Ind., 427 N.E.2d 435.

First, it must be determined that the lesser offense is in fact "included" within the crime charged, as it was allegedly committed in the charging instrument. *Lawrence v. State, supra; Roddy v. State, supra*. If so, it must then be ascertained whether the evidence produced at trial warrants submission of the lesser and included offense to the jury. *Id.*

 Here, as in *Easley v. State, supra*, we need only focus on step two of the inquiry. Even if we assume the lesser of-

fenses were "included" in the crime charged, the evidence did not warrant submission of the lesser offenses to the jury's consideration. That is so because the evidence reveals no dispute regarding the commission of the acts or elements which distinguish the lesser offenses of robbery, theft, and conversion from the offense charged, robbery resulting in bodily injury. It is not required that bodily injury be inflicted in order to commit robbery, theft, or conversion. *See* Ind.Code § 35–42–5–1, *supra*; Ind.Code § 35–43–4–2 (Burns 1979 Repl.); Ind.Code § 35–43–4–3 (Burns 1979 Repl.). Nor is force or the threat of force necessary to the commission of theft or conversion. *Id.*

There was no dispute whatsoever presented at trial regarding the fact the victim suffered bodily injury in the course of the robbery; the evidence reveals she was knocked to the pavement, kicked in the leg, and had her purse snatched from her grasp. She received various bruises in the incident, was treated at a hospital, and was required to carry her arm in a sling for three weeks. Her injuries fall within the definition of bodily injury, as that term is defined in Ind.Code § 35–41–1–2 (Burns 1979 Repl.): " 'Bodily injury' means any impairment of physical condition, including physical pain." Nor is there any evidence to indicate a dispute with respect to whether force was employed in the commission of the offense.

Defendant's claim of innocence at trial rested on his alibi defense; defendant's grandmother testified that she and defendant were at the laundromat at the time the offense occurred. This evidence presented no dispute regarding whether the victim Smith sustained bodily injury.

Consequently, defendant was either guilty of the offense charged—robbery resulting in bodily injury—or he was not guilty of any offense. To permit the jury to consider whether defendant was guilty of one of the lesser offenses would have allowed the jury to "speculate upon a third factual situation upon which there was no evidence." *Hash v. State, supra*, 258 Ind. at

698, 284 N.E.2d at 773. *See also, Easley v. State, supra; Hester v. State,* (1974) 262 Ind. 284, 315 N.E.2d 351. In turn, the door would have been opened for a compromise verdict, a potentiality which step two of the inquiry is designed to preclude. *Id.; Lawrence v. State, supra; Roddy v. State, supra.*

■ Our analysis would normally conclude here; the trial court, however, instructed the jury that it could find defendant guilty of the lesser offense of robbery if it found bodily injury was not inflicted in the course of the crime. Defendant argues the fact the trial court gave an instruction on robbery as a lesser and included offense necessarily indicates an evidentiary dispute did exist with respect to the distinguishing element—the infliction of bodily injury. On that premise, he asserts the jury also should have been instructed on the offenses of conversion and theft, as per his tendered instruction.

Even if it could be said an evidentiary dispute did exist with respect to the infliction of bodily injury, that is not the sole element which distinguishes the crime charged from the lesser offenses of theft and conversion. As previously acknowledged, neither of the lesser offenses involves force or the threat of force in its commission. There is no dispute in the evidence regarding the fact that the victim was knocked to the pavement and kicked as the perpetrator took her purse. Consequently, however the record might be read with respect to the question whether "bodily injury" occurred, the trial court properly refused to instruct the jury on the lesser offenses of theft and conversion. *Lawrence v. State, supra.*

■ The trial court erred when it instructed the jury it could find defendant guilty of robbery. The error, however, was harmless. That is so for the same reason the trial court properly refused defendant's instruction; the evidence is uncontradicted that bodily injury occurred in the commission of the offense. Defendant's evidence posited before the jury the sole question of identity. He was either guilty of robbery resulting in bodily injury or not guilty of any offense. The instruction on simple robbery was consequently surplusage wholly harmless. *Baker v. State,* (1973) 260 Ind. 618, 298 N.E.2d 445; *Pinkerton v. State,* (1972) 258 Ind. 610, 283 N.E.2d 376; *Hall v. State,* (1977) Ind.App., 367 N.E.2d 1103; *Henderson v. State,* (1977) 173 Ind.App. 505, 364 N.E.2d 175.

## II.

Defendant concomitantly contends the trial court erred in refusing to give his tendered instruction number 1, wherein was detailed the statutory definition of an "included offense," as well as the import an instruction on an "included offense" holds for the jury. The instruction reads in its entirety:

> "The defendant may be found guilty of any offense, the commission of which is necessarily included in that with which he is charged.
>
> " 'Included offense' means an offense that: . . . is established by proof of the same material elements or less than all the material elements required to establish the commission of the offense charged; * * (or) * * . . . differs from the offense charged only in the respect that a less serious harm or risk of harm to the same person . . . or public interest, or a lesser kind of culpability is required to establish its commission."

Defendant's claim of error maintains its viability due to the fact the trial court instructed the jury regarding the included offense of robbery.

■ The state, quoting from *Coonan v. State,* (1978) 269 Ind. 578, 586, 382 N.E.2d 157, 163–4, argues: "There was no error here since it is up to the discretion of the trial court whether or not to give an instruction *including definitions.*" (State's emphasis.) While the statement on *Coonan* represents the general rule, this Court has also held that the failure of a defendant to tender definitional instructions on "words of art" relative to an included offense constitutes a waiver of the right to challenge a

court's refusal to instruct the jury on the included offense. *Smith v. State*, (1981) Ind., 422 N.E.2d 1179. The two rules must be implemented and reconciled within the purpose for which instructions are given. As per Ind.Code § 35–1–35–1 (Burns 1979 Repl.) and Ind.R.Crim.P. 8, instructions are to be given only on those matters of law necessary for the jury's understanding and resolution of the case before it. *Rogers v. State* (1979), —— Ind. ——, 396 N.E.2d 348; *DeBose v. State* (1979), —— Ind. ——, 389 N.E.2d 272. As we recently noted in *McFarland v. State*, (1979) Ind., 390 N.E.2d 989, 994:

> " 'Terms used in instructions should be defined by the court where they have a technical meaning, or may be misapplied by the jury; but where the terms are in common use and are such as can be understood by a person of ordinary intelligence they need not be defined or explained in the absence of anything in the charge to obscure their meaning.' 23A C.J.S. Criminal Law § 1191, p. 484."

■ Unlike the terms "malice" or "sudden heat" at issue in *McFarland*, the term "included offense" is clearly a word of art to which a layman would not attach a common meaning. Yet it is not necessary to the jury's intellectual machinations that it understand the definition of "included offense"; rather, it is only significant that the jury understand the role an included offense plays in its deliberations. The jury must be informed that should it find the defendant did not commit the element or act which distinguishes the charged crime from the included offense, it may nonetheless find the defendant guilty of the lesser and included offense.

Here, the trial court included that information in its instruction concerning robbery, stating:

> "ROBBERY is an offense included within the offense of ROBBERY RESULTING IN BODILY INJURY. If you find, beyond a reasonable doubt, that the defendant knowingly or intentionally took property from another person by using force on a person, but that it did not result in

bodily injury, then you may find the defendant guilty of the included offense of ROBBERY."

This information wholly satisfied the purposes underlying both *Coonan* and *Smith*. Accordingly, defendant's instruction was properly denied as unnecessary to the jury's deliberations.

For all the foregoing reasons, the judgment of the trial court must be affirmed.

Judgment affirmed.

GIVAN, C. J., and DeBRULER, PRENTICE and PIVARNIK, JJ., concur.