**David T. ERICKSON, Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 1081S306.**

Supreme Court of Indiana.

Sept. 1, 1982.

James L. Kiely, Evansville, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was convicted by a jury of robbery with a deadly weapon. He was sentenced to a twenty year term of imprisonment.

The record discloses the Tri-State Pharmacy was robbed of one hundred thirty (130) and one hundred fifty (150) tablets of morphine on July 26, 1980. The offender carried a dark-colored gun. He threatened to return to the store and "kill them all" if he heard sirens or saw police before he fled the scene. The pharmacist identified appellant as the robber in a photographic display, a line-up, and in court. Appellant was arrested on January 26, 1981, pursuant to a warrant. When serving the warrant, the arresting officer knocked on the door and identified himself. When he heard shuffling noises inside, he entered the dwelling. The officer found appellant hiding in the crawl space under the front porch, accessible by the basement.

Appellant claims the trial court erred by giving its instruction number four without further definition. Instruction number four reads as follows:

Court's Instruction 4

As defined by law a person's control over the property of another person is "*unauthorized*" if it is:

1. without the other person's consent

"*Person*" is defined by law as meaning a human being, corporation, partnership, unincorporated association, or governmental entity.

"*Deadly Weapon*" is defined by law as meaning:

(a) a loaded or unloaded firearm

"*Exert Control Over Property*" is defined by law as meaning to obtain, take, carry, convey or possess property.

"*Property*" is defined by law as meaning anything of value

Appellant argues the trial court should have further instructed the jury on the definitions of handgun and firearm as provided by I.C. § 35–23–4.1–1(a) and (b) [Burns Repl.1979]. Appellant alleges without proper instruction, the jury was left to guess and speculate in their deliberation of this matter. Because appellant's final allegation of error concerns the trial court's refusal to give defendant's proffered instruction number five, defining handgun and firearm, we address the issues together.

This Court has held the giving of an instruction including definitions is within the discretion of the trial court. *Coonan v. State*, (1978) 269 Ind. 578, 382 N.E.2d 157; *Lock v. State*, (1980) Ind., 403 N.E.2d 1360. When words of a technical or legal meaning not normally understood by the jurors are used in an instruction, other instructions defining the terms should be given by the trial court. *Martin v. State*, (1974) 262 Ind. 232, 314 N.E.2d 60, *reh. denied*, 262 Ind. 232, 317 N.E.2d 430, *cert. den.*, 420 U.S. 911, 95 S.Ct. 833, 42 L.Ed.2d 841.

In the case at bar, the definitions used by the judge were clearly understandable to any ordinary person. We hold the trial court did not err in either giving its

instruction number four or refusing to give appellants tendered instruction number five.

■ Appellant claims the trial court erred by instructing the jury on flight to show consciousness of guilt. Appellant argues the instruction was improper because the flight occurred approximately six months after the commission of the offense. In *Porter v. State*, (1979) Ind., 391 N.E.2d 801, this Court stated the flight of the defendant while in custody or to avoid arrest is admissible to show guilty knowledge.

In the case at bar, the arresting officer, after knocking and identifying himself, heard shuffling noises and found appellant hiding in a crawl space under the front porch. This is ample evidence of flight to avoid arrest to justify the instruction. *Clemons v. State*, (1981) Ind., 424 N.E.2d 113.

Appellant additionally contends the instruction calls attention to evidence surrounding the flight which may have offended the jury and thereby, prejudiced him. During cross-examination, defense counsel asked the arresting officer if a young woman wearing a nightgown was present in the house at the time of the apprehension. The instruction did not call attention to any such attendant circumstance. If the jury was, in fact, offended by the evidence, it was evidence elicited by the defendant. The instruction was not erroneous for such stated reason.

The trial court is in all things affirmed.

HUNTER, PRENTICE and PIVARNIK, JJ., concur.

DeBRULER, J., dissents with opinion.

DeBRULER, Justice, dissenting.

Officer Sprinkle testified at trial that between 7:00 and 8:00 a. m., on January 26, 1981, armed with a warrant for the arrest of appellant for the Tri-State Pharmacy robbery which had occurred on July 26, 1980, six months prior thereto, he went to a house in Evansville. He knocked on the door and said he was a police officer. He heard shuffling inside, broke the door in, and proceeded inside passing a woman dressed in a nightgown, and found appellant hiding in the crawl space clad in a tee shirt and undershorts. This is the sum total of the evidence serving to justify the giving of Instruction No. 10, which reads as follows:

"The flight, if any, of a person immediately after he is accused of a crime that has been committed, if proved, is not evidence of guilt. It is, however, evidence of consciousness of guilt. However, flight, if any, may be explained by fear, surprise, not wanting to get involved or other reasons compatible with flight, if any, under the circumstances."

Defense counsel objected to this instruction on the basis that there had been no flight shown during the trial, pointing out the lapse of time from the date of the offense to the date of the arrest.

This Court has sanctioned flight instructions, where, for example the accused is observed running away from the scene of the crime as was the case in *Clemons v. State*, (1981) Ind., 424 N.E.2d 113, or where the accused escapes from jail while awaiting trial as was the case in *Porter v. State*, (1979) Ind., 391 N.E.2d 801. However, the Court has not dealt with a case like this one. This behavior on the part of appellant comes long after the events constituting the crime. The longer this lapse of time is, the less its probative force becomes. Furthermore, there was no evidence that appellant knew at the time of this behavior that he was being sought by the police for the particular offense charged. The officer did not state at the time he knocked that he was there to arrest for the particular offense, and there is no other evidence supporting his knowledge thereof. I am convinced, under the circumstances present here, that the jury could not reasonably conclude that there was a meaningful connection between appellant's behavior in hiding from the police and the illegal conduct six months prior thereto at the Tri-State Pharmacy. Cf. opinion of Chief Judge Pell in *United States v. Jackson*, 572 F.2d 636 (7th Cir. 1978).

While there is much good in the court's Instruction No. 10, wherein innocent motives for flight are listed, it still informs the jury that it would be permissible for it to infer consciousness of guilt from the evidence. The paucity of evidence of flight demonstrates the error in giving this instruction.

Appellant stands convicted on the identification testimony of the pharmacist. Her testimony, while sufficient to warrant conviction, was nevertheless shaken by pointed cross-examination. Under these circumstances, I am unable to conclude that the error in giving this instruction did not impinge upon the substantial rights of appellant. The conviction should be reversed and a new trial ordered.