**John D. ALSTATT, Appellant,**

v.

**STATE of Indiana, Appellee.**

No. 583S183.

Supreme Court of Indiana.

Oct. 31, 1983.

William H. Bender, Allyn, Givens & Bender, Poseyville, for appellant.

Linley E. Pearson, Atty. Gen. of Ind., Michael Gene Worden, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Chief Justice.

Appellant was tried and convicted by a jury for Robbery, a Class B felony. He was sentenced to ten (10) years and the sentence was enhanced by thirty (30) years for being an habitual offender.

Appellant was charged with the robbery of the Posey County National Bank while armed with a handgun. He entered the bank on the pretense of seeking a loan and spoke with the Loan Officer, Dean Smith. After being told the bank needed more information before it could process the loan, appellant drew a gun on Smith. Appellant and Smith then walked toward teller Kayla Scott, the only other person in the bank. He pointed the gun at her and she placed in excess of $4,000 in a bag. He then fled the bank and was arrested in Maine about one month later.

At trial the appellant was identified by the two bank officials. The teller testified the gun was cocked when aimed at her. Twice during the testimony she indicated the pointing of the gun at her made her afraid. On cross-examination, counsel asked if she knew the gun was loaded to which she replied, "I didn't know, but anytime a gun is pointed at me I would take it for granted that it was loaded."

Another witness for the State was the ex-girlfriend of the appellant. She testified the appellant told her he had "hit a bank" and later he told her to give the police the gun he had used in the bank robbery. The appellant offered no evidence in his behalf except the existence of a facial scar.

Appellant's counsel submitted three proposed jury instructions describing the lesser included offenses of theft and conversion. These were refused. Robbery was the only crime for which an instruction was given. Appellant contends this failure to give the proper instructions resulted in prejudicial error. He also maintains that if the Court erred on the robbery conviction, then the habitual offender allegation must also fail for a lack of an underlying felony.

Appellant claims the trial court should have used the rules as laid down in *Roddy v. State,* (1979) Ind.App., 394 N.E.2d 1098 to determine when the lesser included offense instruction should be given. The *Roddy* test is a two-step analysis which first looks to the language of the statute and the charging information to determine if the lesser crime is included within the greater crime and then looks at the evidence entered at the trial. The lesser offense must

either be included in the statute or alleged in the charge and, in addition, must be established by evidence.

Appellant argues this case is one that meets the standards of the *Roddy* test. He suggests that the elements of robbery are the same as theft except robbery has the additional requirement of either "using or threatening the use of force" or "putting another person in fear." I.C. § 35–42–5–1 [Burns 1979 Repl.] Appellant maintains there is evidence of a probative value to support the elements of the lesser crime and there is serious dispute whether or not the defendant did commit the additional element of placing any person in fear. He suggests the jury could have determined the teller was not in fear because she did not know the gun was loaded.

The State claims no dispute existed as to the elements of the crime of robbery, a Class B felony. It maintains the only issue at trial was the identity of the man who robbed the bank. The defendant offered no proof to challenge the elements of the crime and his only defense, the existence of the scar must go to the question of identity. The State cites *McNary v. State,* (1981) Ind., 428 N.E.2d 1248 as an analogous case. In *McNary* the defendant did not refute the elements of the crime but rather offered an alibi defense. This Court indicated the lesser offense instruction should not have been given because the evidence revealed no dispute regarding the commission of the acts required to meet the additional element of the greater offense. In *McNary* the defendant was either guilty of the greater crime or no crime. In the case at bar the State maintains the elements of robbery were undisputed and the only question was who robbed the bank. The State also cites *Williams v. State,* (1981) Ind., 419 N.E.2d 134 as another case in which only the identity of the perpetrator was at issue and the lesser instruction was correctly refused.

This case turns on whether or not the question asked by the defendant's counsel raised any dispute concerning the additional element of fear. We find it ludicrous to argue that a person has no reason to be in fear unless he knows that a gun pointed at him is loaded. Kayla Scott answered the question in the only logical manner "anytime a gun is pointed at me I would take it for granted that it was loaded." There is ample evidence to support the jury finding that the victims were placed in fear.

We find the trial court did not err in refusing to give the lesser offense instructions.

Appellant's second argument hinges on the finding that the robbery conviction was improper. Having found the conviction was proper the second issue must also fail.

The trial court is in all things affirmed.

All Justices concur.