Calvin DENNIE, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 45S00–8612–CR–1047.

Supreme Court of Indiana.

June 6, 1988.

Ellen S. Podgor, Pauper Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant–Appellant Calvin Dennie was charged in Lake County Superior Court, Criminal Division, with one count of Murder, and one count of Attempted Murder. The jury found him guilty of one count of Voluntary Manslaughter, for which he received a term of fifteen (15) years, and one count of Battery, for which he received a term of five (5) years, the terms to be served consecutively.

Two issues are presented in this direct appeal:

1. error in permitting the prosecutor to ask questions regarding Dennie's flight; and

2. refusal to give Dennie's tendered instruction regarding involuntary manslaughter.

The incident in question occurred on November 9, 1985, at approximately 9:30 p.m. in front of a liquor store at 21st and Clark Road in Gary, Indiana. Dennie went to that liquor store with Robert Williams. On his way to the store, someone called Dennie from a parked station wagon. He approached the vehicle and then noted that the deceased, L.V. Akon, and John L. Powell were sitting in the station wagon. There was a heated discussion involving the loan of one dollar. Dennie stated he immediately started backing up from the station wagon because he wanted nothing to do with Akon. The facts are in dispute at this point. Dennie stated Akon jumped from the automobile and approached Dennie, threatening him. He claims Akon shot at him twice and Dennie then pulled his own weapon and shot back. He said Akon was turning to go around the car as he shot and Akon was struck in the back, receiving a fatal wound to his heart. Other

witnesses testified that Akon turned and started around the car and Dennie started shooting, striking Akon in the back as he went around the vehicle. Akon's brother, Sam, had come out of the liquor store, heard the altercation and observed Dennie shooting at his brother. Dennie shot at Sam Akon and struck him in the leg. He then aimed the gun at his head and pulled the trigger, but there was no ammunition in the gun and it only clicked. Dennie then left the scene. There was evidence that in December, 1984, Dennie had been shot by Sam and L.V. Akon and suffered injuries to his back, left side, shoulder, arm and leg. No gun was found on or near the body of L.V. Akon.

## I

Dennie contends the trial court erred by permitting the prosecutor to ask additional questions regarding his flight from the scene of the shooting. Dennie left the scene immediately after the shooting and was not apprehended by police until almost three months later on February 4, 1986. During cross-examination, the State questioned Dennie regarding his whereabouts during the three months between the shooting and his arrest. Dennie objected to this line of questioning, claiming he had already admitted leaving the scene and no further evidence was required to prove that point. He asserts this evidence was cumulative and prejudiced him before the jury. When the court overruled the objection, Dennie responded that he had spent the time with friends, that he knew L.V. had been shot in the back, and thought the police would not believe he had not shot him purposely. Dennie concedes it is well settled that evidence of flight may be considered as circumstantial evidence of a consciousness of guilt. *Jones v. State* (1985), Ind., 485 N.E.2d 627, 628; *Richardson v. State* (1985), Ind., 481 N.E.2d 1310, 1314. Dennie stated he left the scene immediately because a large crowd had gathered and he feared there might be reprisals against him. The State was justified in inquiring further into why he concealed himself for three months after he had safely left the scene; his response would under-

mine the seemingly feasible explanation for his flight. Dennie's contention that it was merely cumulative and therefore reversible error, has no merit. The evidence as stated above was relevant. Even if we assume, arguendo, it was cumulative, in Indiana, the introduction of otherwise inadmissible evidence which is merely cumulative and not decisive of guilt is not prejudicial error. *Mitchell v. State* (1972), 259 Ind. 418, 287 N.E.2d 860, 863. If the record of the case as a whole discloses the evidence introduced was likely to have had a prejudicial impact upon the mind of the average juror, thereby contributing to the verdict rendered, there will be grounds for reversal. *Id.* However, in this case, the evidence was not decisive of guilt, therefore not prejudicial, and therefore harmless error, if error at all.

## II

Dennie also challenges the trial court's refusal to instruct the jury regarding involuntary manslaughter. The trial court gave an instruction on murder and voluntary manslaughter as an included offense. The jury found Dennie guilty of voluntary manslaughter in the fatal shooting of L.V. Akon and guilty of battery in the shooting of Sam Akon.

We first note Dennie has not complied with Ind.R.App.P. 8.3(a)(7). The instruction tendered by Dennie is set out verbatim in Appellant's Brief but there is no recitation of the verbatim objections made thereto as required by the above rule. Although we hesitate to find waiver since the instruction was tendered and refused in its entirety by the court, we are left to speculate as to the grounds on which the court refused the instruction.

Jury instructions lie largely within the trial court's discretion. *Walker v. State* (1986), Ind., 497 N.E.2d 543, 545; *Coonan v. State* (1978), 269 Ind. 578, 382 N.E.2d 157, 162, *cert. denied* (1979) 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246. Error in a particular instruction will not properly justify reversal unless the error is of such a nature that the whole charge of which it forms a part misleads the jury as to the

law of the case. *Walker*, 497 N.E.2d at 545; *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059. It is also true that the giving or refusing of an instruction is harmless when a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Norris v. State* (1986), Ind., 498 N.E.2d 1203, 1206; *Hare v. State* (1984), Ind., 467 N.E.2d 7, 16. Dennie's tendered instruction read as follows:

INVOLUNTARY MANSLAUGHTER is a lesser offense included in the charge of Murder, and is defined by statute in Indiana in pertinent part as follows:

A person who kills another human being while committing or attempting to commit Battery, commits INVOLUNTARY MANSLAUGHTER, a class C felony.

The offense of BATTERY is defined by statute in Indiana in pertinent part as follows:

A person who knowingly or intentionally touches another person in a rude, insolent, or angry manner commits battery.

Battery as above defined, may include the shooting of a person with a firearm.

The last two sentences of the instruction are not part of the statute, although they do properly define the law. The instruction also includes only part of the involuntary manslaughter statute. It is true that involuntary manslaughter may be a lesser included offense of murder. *Mireles v. State* (1973), 261 Ind. 64, 300 N.E.2d 350, 352; *Williams v. State* (1969), 252 Ind. 154, 246 N.E.2d 762. In order for it to be required to give an included offense charge, there must be evidence from which the jury could properly find the lesser offense was committed while the greater was not. *Henning v. State* (1985), Ind., 477 N.E.2d 547, 550. Here, Dennie was charged with murder in which it was alleged he voluntarily and purposely shot the deceased. The evidence was that Dennie shot the deceased in the back as he was turning away, and struck him in the heart. Dennie was the only one who testified the deceased fired first, and the only evidence inferring an intent to merely assault the victim rather than kill him is Dennie's own assertion he did not mean to kill him. Dennie, in fact, relied on a defense of self defense and the jury was instructed on this defense. The jury found Dennie purposely and intentionally killed L.V. but also found Dennie acted in sudden heat, because he was convicted of voluntary manslaughter. In view of all these facts and circumstances we cannot say the trial court abused its discretion to the extent that reversal is merited.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, J., concur.

DeBRULER and DICKSON, JJ., concur in result without separate opinions.