Calvin DENNIE, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8612–CR–1047.

Supreme Court of Indiana.

Dec. 12, 1989.

Ellen S. Podgor, Pauper Appellate Counsel, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen. of Indiana, Louis E. Ransdell, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

On direct appeal, Defendant–Appellant Calvin Dennie's convictions for Voluntary Manslaughter, for which he received a term of fifteen (15) years, and Battery, for which he received a term of five (5) years, said terms to be served consecutively, were affirmed by this Court. *Dennie v. State* (1988), Ind., 524 N.E.2d 273.

---

Dennie sought rehearing, raising several issues on which he claims this Court erred. Although we deny rehearing on the conclusions reached on all issues, we grant rehearing for the purpose of clarifying Issue II.

In Issue II, Dennie challenged the trial court's refusal to instruct the jury regarding involuntary manslaughter. The trial court instructed on murder and voluntary manslaughter as an included offense of murder but refused Dennie's tendered instruction regarding involuntary manslaughter. Our opinion improperly stated Dennie had not complied with Ind.R.App.P. 8.3(A)(7) by failing to set out in his brief a recitation of verbatim objections made to the refusal of the court to give his tendered instruction. *Dennie*, 524 N.E.2d at 274. When a party at trial tenders an instruction and the court refuses it, that party is not required to set out particular objections to the refusal. The tender of the instruction and the refusal of the court contain the issue and the party is not required to recite objections in the record to preserve the issue for appeal. Rule 8.3(A)(7) requires the instruction to be set out in the brief and this was done by Dennie. This Court was not accurate in stating in Issue II that Dennie acted improperly pursuant to the above rule and waiver was apparent. Nevertheless, this Court did not decide this issue on waiver principles but rather determined on the merits that the trial court did not abuse its discretion in refusing to give the tendered instruction.

Other than the above clarification, rehearing is denied.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.