## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Oct 30 2015, 8:30 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT

Donald J. Frew
Fort Wayne, Indiana

ATTORNEYS FOR APPELLEE

Gregory F. Zoeller
Attorney General of Indiana

Angela N. Sanchez
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Willie J. Herman, Jr., *Appellant-Defendant,* | October 30, 2015 |
| | Court of Appeals Case No. 02A03-1504-CR-145 |
| v. | Appeal from the Allen Superior Court |
| State of Indiana, *Appellee-Plaintiff* | The Honorable Wendy W. Davis, Judge |
| | Trial Court Cause No. 02D06-1409-F6-243 |

**May, Judge.**

[1] Willie J. Herman appeals his conviction of Level 6 felony invasion of privacy.[1] As the parties stipulated there was a valid no-contact order in place against Herman, we affirm.

## Facts and Procedural History

[2] In July 2014, Herman was convicted of invading Mendy Rothgeb's privacy. He was sentenced to a year of unsupervised probation and he was ordered to have no contact with Rothgeb while he was on probation. The State moved in August 2014 to revoke Herman's suspended sentence, after he was arrested and charged with invasion of privacy in another case. On September 9, 2014, the trial court ordered Herman's sentence modified to sixty days executed with credit for time served.

[3] On September 21, 2014, Fort Wayne police responded to a 911 call and found Herman at Rothgeb's residence. She told police Herman had hit her. Herman was charged with domestic battery and invasion of privacy. A jury found him not guilty of the former but guilty of the latter.

[4] At the trial on the present offense, the parties agreed the judge would instruct the jury "a no-contact order was issued by the Court on behalf of Mendy Rothgeb on July 15th, 2014, and was lawfully in place on September 21st,

---

[1] Ind. Code § 35-46-1-15.1. Herman was found not guilty of domestic battery.

2015."[2]  (Tr. at 222.)  The jury found Herman guilty of Level 6 felony invasion of privacy.

## Discussion and Decision

[5]  A person who knowingly or intentionally violates a no contact order issued as a condition of probation commits invasion of privacy.  Ind. Code § 35-46-1-15.1.  That offense is a Class A misdemeanor, but becomes a Level 6 felony if the person has a prior unrelated conviction of invasion of privacy.  *Id*.  Herman did.

[6]  On a challenge to the sufficiency of evidence to support a conviction, we do not reweigh evidence or judge the credibility of witnesses, and we respect the jury's exclusive province to weigh conflicting evidence.  *McHenry v. State*, 820 N.E.2d 124, 126 (Ind. 2005).  We consider only the probative evidence and reasonable inferences supporting the verdict.  *Id*.  We affirm if the probative evidence and reasonable inferences drawn from the evidence could have allowed a reasonable trier of fact to find the defendant guilty beyond a reasonable doubt.  *Id*.

[7]  Herman notes the no-contact order applied while he was on probation, and argues the State did not prove he was on probation and the no-contact order was still valid after the sentence modification of September 9, 2014.  He notes

---

[2]  The trial court presumably meant September 21, 2014, the date of the charged offense.  The record does not reflect whether the trial court stated the date correctly when instructing the jury.

the September 9 entry is silent as to the no-contact order or whether Herman was still on probation.

[8] We cannot find reversible error. The parties stipulated the jury would be told the no-contact order was lawfully in place on the date of Herman's offense. Once a stipulation is entered into between the parties, the facts so stipulated are conclusive on both the parties and the tribunal. *Coonan v. State*, 269 Ind. 578, 583, 382 N.E.2d 157, 162 (1978), *cert. denied sub nom. Coonan v. Indiana*, 440 U.S. 984 (1979). In light of that stipulation, we affirm Herman's conviction.

[9] Affirmed.

Crone, J., and Bradford, J., concur.