EUGENE WHEELER, JR. *v.* STATE OF INDIANA.

[No. 1-675A108. Filed February 6, 1976.]

*James F. Smock*, of Terre Haute, for appellant.

*Theodore L. Sendak*, Attorney General, *Robert F. Colker*, Assistant Attorney General, for appellee.

PER CURIAM—In appealing his conviction for entering with intent to commit a felony and assault and battery with intent to commit a felony, the defendant-appellant, Wheeler, raises four issues which are:

1. Was the out of court identification procedure so suggestive as to make the in-court identification inadmissible;

2. Was there sufficient evidence to convict;

3. Did Wheeler receive a fair trial after a sworn juror admitted knowing one of the complaining witnesses; and

4. Was there error in allowing a portion of a police report into evidence?

We find no reversible error and accordingly affirm the judgment herein.

A review of the facts favorable to the State shows that Debbie Phillips answered a knock on the door of her upstairs apartment. Upon opening the door there stood Wheeler who advised Phillips to keep her door locked because he had seen persons around her apartment. Phillips thanked Wheeler and proceeded to close the door when Wheeler forced his way into the apartment. He grabbed Phillips by the arm and during the ensuing struggle cut her finger and attempted to stab her in the back with a broken beer bottle. Charlotte Ishom, Phillips roommate, responded to Phillips' screams and began pummeling Wheeler. Wheeler than fled.

The incident was reported to the police that night and later the next day Phillips and Ishom went to the police department where they were seated at separate desks about six feet apart. Phillips picked Wheeler's picture out of the mug shot book. Ishom, without conversation with Phillips, shortly thereafter also picked out Wheeler. Both girls also picked Wheeler's picture from a selection of eight side views submitted for their perusal.

The remaining salient fact is that after the jury was sworn a juror advised the trial judge that she was employed at the same place as one of the complaining witnesses. (The record does not indicate if it was Phillips or Ishom.)

Wheeler's first contention is based upon the fact that having Phillips and Ishom in the same room and within hearing and viewing distance of each other at the time of the pre-trial photographic identification so tainted the identification that it should not have been admissible. This argument is based upon the supposition (not supported by the record) that some sort of communication existed between Phillips and Ishom during the time of viewing mug-shots.

The case of *Emerson* v. *State* (1972), 259 Ind. 399, 287 N.E.2d 867 adopted *Simmons* v. *United States* (1968), 390 U.S. 377, 88 S.Ct. 967, 19 L.Ed.2d 1247 which proscribes a photographic identification procedure "so impermissibly suggestive as to give rise to a very substantial likelihood of irreparable misidentification". Additionally, the evaluation should be made in light of the totality of the surrounding circumstances and by giving consideration to the facts of each case.

In this case the record shows that both Phillips and Ishom clearly saw Wheeler's face during the melee. Phillips picked Wheeler's picture from a book of mug shots of black males. Ishom, sitting at a separate desk with no direct communication with Phillips, also picked Wheeler's picture from the same book. Neither girl was told the book contained the suspect's picture. Each girl additionally picked Wheeler's pitcure from eight side-view pictures submitted to them.

We cannot say as a matter of law that the record supports the claim of an impermissibly suggestive photographic identification process.

Wheeler's second argument is based upon the proposition that Phillips' version of what happened varied from her trial version and a police officer's version of what she said at the time the incident was reported to him. The two conflicting versions, it is argued, created a lack of credibility, which, in turn, caused an insufficiency of the evidence. Wheeler's argument invites this court into the prohibited area of determining the credibility of the witness. We decline the invitation. *Hall* v. *State* (1975), 166 Ind. App. 55, 333 N.E.2d 913.

Wheeler's third argument cites the sixth amendment for the proposition that he was entitled to a fair trial by an impartial jury, and he was denied that when a juror stated she knew one of the complaining witnesses.

Even though Wheeler's general reliance on the sixth amendment is not sufficient authority for the argument when measured against Ind. Rules of App. Proc. 8.3(A)(7), the record does not substantiate the allegation either. As previously indicated, the record does not divulge which girl, Phillips or Ishom, the juror knew. In any event, the nature of the acquaintance was that the juror had ridden on the same elevator with the witness at their place of employment which had in excess of one-hundred employees. This state of facts does not demonstrate the denial of a fair trial.

The final allegation of error by Wheeler concerns the admission of hearsay evidence contained in a police officer's report. Wheeler called the officer as a witness to impeach Phillips' testimony. During direct examination the officer was asked about his conversation with Phillips when she reported the attack. The trial court then allowed the officer on cross examination to read the narrative part of his report over Wheeler's objection.

To begin with, a cross-examiner has a "right to explore any and all phases of a general subject" that has been opened on direct examination. *Ballard* v. *State* (1974), 262 Ind. 482, 318 N.E.2d 798 and authorities cited therein. Additionally, a prior inconsistent statement, even though hearsay, is admissible for impeachment purposes under certain circumstances. *See: Patterson* v. *State* (1975), 263 Ind. 55, 324 N.E.2d 482.

In considering both *Ballard* and *Patterson, supra,* we see no error in the admission of the officer's testimony.

Judgment affirmed.

NOTE.—Reported at 341 N.E.2d 202.