**Kenneth E. GROSSENBACHER,**
**Appellant,**

v.

**STATE of Indiana, Appellee.**

**No. 484S155.**

Supreme Court of Indiana.

Oct. 12, 1984.

Barrie C. Tremper, Chief Public Defender, Fort Wayne, for appellant.

Linley E. Pearson, Atty. Gen., Cheryl L. Greiner, Deputy Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Kenneth E. Grossenbacher was convicted by a jury in the Allen Circuit Court of class B felony robbery on October 25, 1983. The trial court subsequently sentenced him to twenty (20) years imprisonment. Appellant now direct-ly appeals and raises the following three issues:

1. sufficiency of evidence;
2. assistance of trial counsel; and
3. final instruction 3.

The facts adduced during trial show that the Kentucky Fried Chicken restaurant located at 3204 Paulding Road in Fort Wayne was robbed on December 22, 1982. Brett Hess testified that he was working in the restaurant at approximately 9:30 p.m. when a man wearing dark clothing and a ski mask entered the kitchen, pointed a gun at him and forced him into the office where the robber demanded money from Jerry Butler, the store's assistant manager. Butler testified that he was in his office when a man wearing a ski mask and pointing a gun at Hess instructed him to empty the store's safe. Both employees testified that they were forced to lie on the floor. Although neither employee was able to absolutely identify Appellant as the robber because the robber wore a mask, both testified that Appellant had the same height and physique as the robber. The State's third witness was Brian Votaw who testified that he and Appellant, his brother-in-law, planned and perpetrated the instant robbery together. Specifically, Votaw testified that he entered the restaurant and ordered food just before its closing so as to distract the restaurant's employees while Appellant slipped into the women's rest room and hid. After the restaurant was closed for business and its doors were locked, Votaw waited outside with the getaway car while Appellant committed the robbery. The two men fled together in the car stopping once to throw all possibly incriminating evidence into a river. Votaw subsequently was arrested and pleaded guilty to class D felony theft pursuant to a plea agreement which required, *inter alia,* that he testify "truthfully and fully" against Appellant. Fort Wayne police officer Ronald Partridge lastly appeared for the State and testified that after advising Appellant of his constitutional rights, he asked Appellant whether he was involved in this robbery to which Appellant "admitted involve-

ment." Appellant was the only witness to testify in his defense and he simply denied having committed this robbery and claimed without reason that the other witnesses were "lying."

## I

 Appellant first challenges the sufficiency of the evidence by which he was convicted. Specifically, he challenges the credibility of witness Votaw. With regard to sufficiency of the evidence questions, this Court will neither reweigh the evidence nor determine the credibility of witnesses. If there is substantial evidence to support the jury's conclusion that Appellant was guilty beyond a reasonable doubt, the jury's verdict will not be disturbed. *Prine v. State*, (1983) Ind., 457 N.E.2d 217. Reviewing the evidence in the instant case, we find more than sufficient evidence of probative value to justify the jury's verdict.

## II

Appellant next alleges that his trial counsel ineffectively represented him at trial. We note that Appellant personally raised this issue by having incorporated into his motion to correct errors a short, unsubstantiated and unverified statement. Appellant therein claimed:

> "[Trial counsel] had major trials just before my trials, I feel this inabled (sic) him to have proper time to prepare and consult with me.... In CCR–41 [the instant case] Brian Votaw should have been cross-examed (sic) about his character. His heighth (sic) should have physically been compared to that of the Manager. He also should have been cross-examed (sic) about owning a B.B. gun."

We find no argument and no citations to supporting authority on this issue in Appellant's brief to this Court.

 It is, of course, basic that we presume that counsel was competent and we require convincing evidence to rebut that presumption. *Smith v. State*, (1984) Ind., 465 N.E.2d 1105, *reh. denied; Howell v. State*, (1983) Ind., 453 N.E.2d 241; *Lindley v. State*, (1981) Ind., 426 N.E.2d 398.

Moreover, this Court will presume that the strategies or tactics which were not employed by trial counsel were not warranted by the circumstances or, if indicated, were rejected after due deliberation. *Helton v. State*, (1980) 273 Ind. 211, 402 N.E.2d 1263. As the United States Supreme Court has held, the proper standard for attorney performance is that of reasonably effective assistance. *Strickland v. Washington*, (1984) —— U.S. ——, 104 S.Ct. 2052, 80 L.Ed.2d 674. Accordingly, when a convicted defendant complains of the ineffectiveness of his counsel's assistance, the defendant must show that counsel's representation fell below an objective standard of reasonableness under prevailing professional norms. Appellant has made no such showing in this case. We find no error.

## III

Appellant finally contends that the trial court erred by reading the State's instruction 3 as part of the trial court's final instructions to the jury. Instruction 3 read:

> "It is your province to determine the weight of the evidence and the credibility of the witnesses who have testified. In determining the weight and credit to which the testimony of any witness is entitled, you have the right to take into consideration the manner of the witness while testifying; his opportunity for knowing the things he has testified about; whether his evidence is consistent or self-contradictory; his apparent intelligence or want of intelligence; his bias or prejudice, if any has been shown; his interest, if any has been shown in the result of this trial; and any and all other facts disclosed by the evidence which can aid you to form a correct estimate. If you deem any witness unworthy of credit, you are not bound to believe his testimony simply because he has testified. If you meet with conflicts in the evidence, it will be your duty to reconcile them so as to believe all of the witnesses whom you deem most worthy of credit, and disbe-

lieve those least worthy of credit, being guided by good faith and an honest desire to arrive at the truth."

At trial, Appellant objected to this instruction as follows:

"I object to this because you require the jury to believe certain of the witnesses and to disbelieve certain of the witnesses. That it is not necessary for the jury to believe any of the witnesses and if there are conflicting witnesses, if they have doubts about the conflicting witnesses, they can resolve the question, the ultimate question of guilt or innocence, on the basis of their doubt and not saying that you must believe one witness or another and not believe one or another just because they have a conflict. This is a wrong instruction."

Appellant merely reiterates his objection on appeal and indicates no authority to support his position.

The giving of jury instructions lies largely within the trial court's discretion and any error in a particular instruction will not warrant a reversal unless the error is of such a nature that the entire charge of which it is a part misled the jury on the law of the case. *Daniels v. State*, (1980) Ind., 408 N.E.2d 1244; *Coonan v. State*, (1978) 269 Ind. 578, 382 N.E.2d 157, *cert. denied* (1979) 440 U.S. 984, 99 S.Ct. 1798, 60 L.Ed.2d 246. Moreover, any error in the giving or refusing of an instruction is harmless when a conviction is clearly sustained by the evidence and the jury could not properly have found otherwise. *Battle v. State*, (1981) Ind., 415 N.E.2d 39. Notwithstanding Appellant's total lack of argument on this issue, we now find that instruction 3 did not misstate the law and that Appellant's conviction is clearly sustained by the evidence. There is no error on this issue.

The trial court is in all things affirmed.

GIVAN, C.J., and HUNTER, DeBRULER and PRENTICE, JJ., concur.