Steven Ross THOMAS, Appellant
(Defendant below),

v.

STATE of Indiana, Appellee
(Plaintiff below).

No. 685S262.

Supreme Court of Indiana.

July 28, 1987.

Geoffrey A. Rivers, Muncie, for appellant.

Linley E. Pearson, Atty. Gen., Indianapolis, for appellee.

PIVARNIK, Justice.

Defendant-Appellant Steven Ross Thomas was convicted by jury of Voluntary Manslaughter, a class B felony. On February 25, 1985, he was sentenced to the Department of Corrections for a period of sixteen (16) years. He now directly appeals and raises the following issues for our review:

1. error of the trial court in denying Appellant's Motion for Mistrial;

2. error of the trial court in giving, over objection, final instructions 14 and 15;

3. sufficiency of the evidence;

4. error by the trial court in its imposition of sentence.

The facts supporting the trial court's judgment show that on the evening of November 9, 1984, Appellant arrived at a poolroom with Harold Weans and David Sparks for a bachelor's party. A keg of beer they had purchased earlier had been moved to the pool room. An altercation ensued between the trio and several other patrons over a game of pool. Consequently, the owner of the poolroom ejected the trio from the establishment.

Appellant then took Sparks and Weans to his residence to obtain a shotgun and a pistol. They returned to the poolroom and demanded that the keg of beer and a jacket be returned. Appellant fired a shotgun into the air. He also shattered the front window of the pool hall with the gun. The poolroom owner placed the beer keg on the sidewalk. While attempting to place the beer keg in the truck, Appellant fired another shot. Other people inside the poolroom started to come out toward the trio. The poolroom owner had a shotgun and fired at Appellant and Weans. Weans fired some shots in the air. Weans shot the poolroom owner and also fatally wounded Gary Buffin. Appellant and Weans then fled to their waiting truck and left the scene. Prior to being apprehended by police, they discarded the shotgun and pistol.

I

Appellant first asserts that the trial court erred in denying his Motion for Mistrial. The motion was based on the assertion that a police officer/spectator was coaching witnesses by nodding his head to

designate "yes" or "no" in response to questions posed during the trial.

■ We must determine, on review, whether the trial court exercised sound discretion. In so doing, we grant deference to the trial judge's decision since he is in the best position to determine the impact of the disruptive events. *White v. State* (1984), Ind., 460 N.E.2d 132, 135. A grant or denial of a motion for mistrial is within the discretion of the trial judge who will be reversed only when an abuse of discretion is demonstrated. *Id.* Accordingly, the burden of persuading a reviewing court that the trial judge abused his discretion is on Appellant. He must demonstrate that by the denial of the mistrial motion he was placed in a position of grave peril to which he should not have been subjected. *Manns v. State* (1985), Ind., 472 N.E.2d 918, 921.

■ Appellant asserts he was denied his right to a fair trial as a result of the coaching. However, we fail to see how Appellant has been harmed. Appellant has not shown that the alleged coaching actually influenced any testimony. The record reveals that during a hearing on the mistrial motion, the police officer testified he was sent to the courtroom to observe the trial. He further testified he had no prior knowledge of the case and that his gestures were unintentional. He was not aware he had made any suggestive gestures. In view of the officer's testimony and Appellant's failure to show how he was placed in grave peril, we find the trial judge did not abuse his discretion in denying the Motion for Mistrial.

## II

■ Appellant further argues the trial court erred in giving, over objections, final instructions 14 and 15. The giving of jury instructions is within the trial court's discretion. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056, 1059. The trial court will be reversed only for an abuse of discretion. *Collier v. State*, (1984), Ind., 470 N.E.2d 1340, 1343. An error in an instruction will not warrant a reversal unless the error is of such a nature that the entire charge of which it is a part misled the jury on the law of the case. *Grossenbacher*, 468 N.E.2d at 1059.

■ The trial court gave final instruction 14 which concerned accessory liability. Appellant claims the evidence does not support an instruction on accessory liability, and therefore the unwarranted instruction served only to confuse the jury. However, instructions on an accused's liability as an accessory are proper where the accused is charged as a principal, and evidence shows he was an accessory in the commission of the crime charged. *Lowery v. State*, (1985), Ind., 478 N.E.2d 1214, 1228, *cert. denied*, — U.S. —, 106 S.Ct. 1500, 89 L.Ed.2d 900. Here, following the initial altercation in the pool room, Appellant suggested to Weans and Sparks to return to his home to obtain a shotgun and a pistol. Appellant supplied the pistol Weans used to fatally shoot Gary Buffin. Appellant was a willing participant in the incident. Appellant was charged, as a principal, with murder. Thus, an examination of the evidence reveals it was proper to give final instruction 14 to the jury.

■ The trial court also gave final instruction 15 which concerned self-defense. Appellant argues that since he did not raise this defense at trial, the instruction is unwarranted. He argues the instruction is prejudicial in that acknowledgement of the excuse of self-defense might make a jury more likely to reach a finding that he acted as charged. A defendant is entitled to an instruction on any defense which has some foundation on the evidence. *Warren v. State* (1984), Ind., 470 N.E.2d 342, 344. Here, co-defendant Weans testified that when the trio returned to the pool room and after Appellant had shattered a window, several patrons approached Appellant and Weans with beer bottles and pool cues in hand. Weans also testified that when he carried the keg of beer to his vehicle, he observed one patron in possession of a shotgun. Weans further testified that as the patron aimed the gun toward Weans, Weans dropped the keg and began to fire his gun. Thus, the evidence supports the self-defense instruction. The instruction

was necessary to dispel any possible confusion created by the evidence, notwithstanding Appellant's contention that such was not the theory of his defense. *Bonner v. State* (1979), 271 Ind. 388, 392, 392 N.E.2d 1169, 1171. Thus, final instruction 15 was properly given.

### III

Appellant next claims the evidence is insufficient to sustain his conviction for voluntary manslaughter. We neither reweigh the evidence nor judge the credibility of the witnesses. Rather, we look at the evidence most favorable to the State together with all reasonable inferences to be drawn therefrom. *Whitt v. State* (1986), Ind., 499 N.E.2d 748, 749. If there is substantial evidence of probative value from which the jury could have reasonably inferred guilt beyond a reasonable doubt, the conviction will be affirmed. *Prine v. State* (1983), Ind., 457 N.E.2d 217, 219.

 Appellant claims the verdict is contrary to the facts because he did not aid, induce, or cause the crime and did not share in any community of purpose in the death of Gary Buffin. Indiana law provides, "a person who knowingly or intentionally aids, induces, or causes another person to commit an offense commits that offense...." Ind.Code Ann. § 35–41–2–4 (Burns 1985). Moreover, an accomplice is criminally responsible for everything done by his confederate which is a probable and natural consequence of their common plan. *Manns*, 472 N.E.2d at 920–21. Appellant suggested to Weans and Sparks that they return to his residence to obtain a shotgun and pistol. Appellant made the loaded pistol available to Weans for use that evening by leaving it on the truck's dashboard. That Appellant did not actually pull the trigger of the gun which killed Gary Buffin does not negate the other evidence. It was reasonable for the jury to conclude Appellant did aid, induce, or cause the incident which resulted in the death of Gary Buffin.

 Appellant further argues the conviction is contrary to law as there can be no accessory liability to the crime of voluntary manslaughter because of the sudden heat element of the offense. However, sudden heat is merely a mitigating factor in the relationship of voluntary manslaughter to murder. *Bean v. State* (1984), Ind., 460 N.E.2d 936, 944–45. It is not the State's burden to prove the existence of a mitigating factor. *Id.* Where a person acts in concert with other participants in a crime, it is not necessary that the State prove the defendant personally committed every act constituting the perpetration of an offense. The acts of the principal will be imputed to the accomplice. *Bean*, 460 N.E.2d at 942. Here, the jury reasonably concluded from the evidence that Appellant did aid, induce, or cause another person to commit voluntary manslaughter. Thus, the evidence is sufficient to convict Appellant of voluntary manslaughter.

### IV

Appellant maintains the trial court erred in its imposition of sentence. He argues the 16 year executed sentence is in violation of Article 1, § 16 of the Constitution of Indiana. Further, he alleges the sentence is manifestly unreasonable in light of the nature of the offense, the part Appellant contributed, Appellant's character, and the sentence imposed on co-defendants.

 Regarding Appellant's first challenge to the sentence, Article 1, § 16 of the Constitution of Indiana requires penalties which are proportional to the nature of the offense. The standard to be applied under this provision is if the punishment is grossly out of proportion to the severity of the crime, the punishment is excessive and unconstitutional. *Bray v. State* (1982), Ind., 430 N.E.2d 1162, 1167; *Norris v. State* (1979), 271 Ind. 568, 575–76, 394 N.E.2d 144, 150. Here, a sentence of 16 years imprisonment is not grossly out of proportion to the severity of the crime of voluntary manslaughter.

 Regarding Appellant's second challenge to the sentence, a sentence is not manifestly unreasonable unless no reasonable person could find such sentence appropriate to the particular offense and offender for which such sentence was imposed.

Ind.R.App.Rev.Sen. 2. The presumptive sentence for a class B felony is a fixed term of 10 years to which 10 years can be added for aggravating circumstances or 4 years subtracted for mitigating circumstances. Ind.Code Ann. § 35–50–2–5 (Burns 1985). Appellant's sentence is within the scope of this sentencing statute. The consideration and application of mitigating and aggravating circumstances is discretionary with the trial court. *Jenkins v. State* (1986), Ind., 497 N.E.2d 549, 550. The trial judge noted at sentencing that Appellant had served eight years in the federal penitentiary for rape with a weapon, and that during that time, Appellant had escaped on more than one occasion. The trial judge noted that Appellant was the instrumentality of death, stating "whether you fired the gun that actually did the killing or not, you placed a dangerous instrumentality in the hands of a person who had just turned 18...." The trial judge noted that sudden heat was not present as 20–30 minutes had passed by the time the trio returned with the guns. The risk that Appellant will commit another crime, and the nature and circumstances of the crime were also cited as aggravating circumstances. These findings amply support and justify Appellant's sentence. Since the trial court complied with the applicable sentencing statute and gave reasons for the sentence imposed, Appellant's sentence is not manifestly unreasonable and will not be set aside.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and DeBRULER, GIVAN and DICKSON, JJ., concur.