Louis V. BADGLEY, Appellant,

v.

STATE of Indiana, Appellee.

No. 49S00–8709–CR–819.

Supreme Court of Indiana.

Sept. 6, 1988.

Belle T. Choate, Choate Visher & Haith, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Joseph N. Stevenson, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in appellant's conviction of Child Molesting of a child twelve (12) years of age, for which he received five (5) years enhanced by twenty-five (25) years by reason of his status as an habitual offender, and a conviction of fondling and touching with the intent to gratify sexual desires, for which he received a sentence of two (2) years, the sentences to run concurrently.

The facts are: The victim in this case, who was fourteen years old at the time of trial, testified that when she was twelve years old she was living with her mother and her stepfather, appellant in this case. She testified that in July of 1985, she accompanied her stepfather to a house on North Oxford Street in Indianapolis to help him with some painting. She testified that Jerry Nutter took them to the house in his car and dropped them off and that she spent the day in the house helping her stepfather with the painting.

At the end of the workday, they went to the basement to wash and that after washing, appellant told her to come to him. When she did, he started fondling her. He then pulled a curtain from a window, placed it on the floor, and told her to take off her clothes and to lie down on the curtain. She took off her shorts, and he removed her underpants. She hesitated to

lie down on the curtain and he said, "Are you going to or am I going to make you?" She then lay down on the curtain and appellant rubbed her vagina until he ejaculated on the outside of her body. She testified that they then dressed and walked home.

■ Indianapolis Police Detective Sharon Thomlin testified that the victim had made a statement in which she gave essentially the same facts as her testimony in court with the exception that she had not mentioned she had lain down on a curtain on the floor.

Appellant contends the trial court erred in preventing him from conducting cross-examination of the victim to test her credibility. Appellant attempted to place into evidence that the victim had written a letter to one of her friends stating that her stomach hurt and that she thought she might be pregnant. The trial court properly excluded this type of testimony, citing the Rape Shield Law, Ind.Code § 35–37–4–4. Appellant takes the position he was entitled to show the fact the victim wrote the letter and urges that inasmuch as consent was not a defense that the victim was not protected by the Rape Shield Statute. We hold the trial court was correct in excluding any reference to prior sexual history of the victim. *Lewis v. State* (1982), Ind., 440 N.E.2d 1125, *cert. denied*, 461 U.S. 915, 103 S.Ct. 1895, 77 L.Ed.2d 284.

■ Appellant claims the trial court erred in instructing the jury concerning the issue of consent. The State tendered an instruction to the effect that consent was not an issue in the case. The trial judge, however, refused to give the State's instruction but gave instead a much shorter instruction on the same subject, which reads as follows:

"CONSENT OR LACK THEREOF ON THE PART OF A PERSON UNDER SIXTEEN (16) YEARS OF AGE TO ANY SEXUAL ACTIVITY IS NOT AN ISSUE FOR THE JURY TO CONSIDER. NO DEFENSE OF CONSENT HAS BEEN RAISED NOR IS AVAILABLE."

Appellant maintains the giving of this instruction had the potential of misleading the jury into believing that he had attempted to raise the defense of consent. Although such an instruction was not necessary in this case, we fail to see how it could have harmed appellant in the manner he claims. Even if we would assume for the sake of argument that it was error to give such an instruction, the giving of an improper instruction does not justify reversal unless the error is of such a nature that it misleads the jury as to the law of the case. *Grossenbacher v. State* (1984), Ind., 468 N.E.2d 1056. Under the circumstances of this case, we cannot justify reversal because of the giving of this instruction.

■ Appellant contends the trial court erred in admitting and considering conviction records from the State of Florida during sentencing. Appellant claims the trial court should not have considered the Florida convictions because they were not introduced during the trial of the case, and the court during the sentencing proceeding should have considered only the felonies which were used to establish the fact that he was an habitual offender. To the extent that the State tendered these convictions to show appellant was ineligible for a reduction of the habitual offender enhancement, appellant is correct; the trial judge, however, did not use the evidence for that purpose. He only enhanced appellant's sentence by twenty-five (25) years. Thus, no harm resulted from the introduction of the Florida convictions.

The trial court is affirmed.

SHEPARD, C.J., and DeBRULER, PIVARNIK and DICKSON, JJ., concur.