Joseph JONES, Appellant,

v.

STATE of Indiana, Appellee.

No. 45S00–8704–CR–360.

Supreme Court of Indiana.

Dec. 12, 1988.

Marce Gonzalez, Jr., 8322–45, Appellate Div., Lake Superior Court, Crown Point, for appellant.

Linley E. Pearson, Atty. Gen., Jay Rodia, Deputy Atty. Gen., Indianapolis, for appellee.

DeBRULER, Justice.

This is a direct appeal following conviction of the crimes of robbery and kidnapping. Appellant was also determined to be an habitual offender. He received a ten (10) year sentence for robbery and a twenty-five (25) year term for kidnapping, which was increased to fifty-five (55) years through the habitual offender determination.

On appeal he raises two issues: (1) whether the habitual offender determination was supported by sufficient evidence; and (2) whether it was error to refuse a tendered jury instruction regarding criminal confinement as a lesser included offense of kidnapping.

These are the facts pertinent to this appeal: Edward Charleston was in his garage on the morning of March 18, 1986 when two men approached the garage and asked him for a match. One man pulled a pistol and entered the garage. Charleston was then told to enter his car and he complied, getting in the back seat. Appellant got in the driver's seat and the man with the gun got in the back with Charleston. Appellant drove while the other robbed Charleston of $500.00, blindfolded him, and shoved him from the car.

I.

During the habitual offender phase of the trial, the State presented evidence that appellant had two prior unrelated felony convictions. It proved that appellant was convicted and sentenced for the crime of kidnapping on January 26, 1973. It further proved that appellant committed a burglary on June 18, 1982, was convicted of

that crime on November 19, 1982 and sentenced thereupon on December 3, 1982.

Appellant asserts that the State's proof was defective in that they failed to prove the date of commission of the 1973 kidnapping conviction. I.C. 35–50–2–8 and case law require the State to prove that commission of the second felony occurred subsequent to commission, conviction and sentence for the first felony alleged. *Miller v. State* (1981), 275 Ind. 454, 417 N.E.2d 339. He urges that since the State failed to prove the date of commission of the kidnapping, it has not met its burden. That failure is not fatal to the State's case. Appellant was convicted and sentenced for kidnapping in January of 1973. Commission of the crime obviously occurred prior to that date. According to the evidence presented, the commission, conviction and sentencing on the burglary took place in 1982, at least nine years after commission, conviction and sentencing for the kidnapping. Consequently, there is no possibility of a defect in the requisite order and no error in the habitual determination.

## II.

An instruction on the offense of confinement was submitted by appellant but refused by the trial court. He urges that such refusal was error.

I.C. 35–42–3–2, Kidnapping, reads:

"...(b) A person who knowingly or intentionally removes another person, by fraud, enticement, force, or or threat of force, from one place to another

...(2) while hijacking a vehicle;

... commits kidnapping, a Class A felony."

I.C. 35–42–3–3, Criminal Confinement, provides:

"...(a) A person who knowingly or intentionally:

...(2) removes another person, by fraud, enticement, force, or threat of force, from one (1) place to another;

commits criminal confinement, a Class D felony."

Appellant claims the trial court erred in refusing to give his tendered final instruction regarding the lesser included offense of confinement. However, a defendant is not entitled to an instruction on a lesser included offense unless the evidence would have warranted a jury's finding that the lesser offense was committed while the greater was not. *Tawney v. State* (1982), Ind., 439 N.E.2d 582.

In the case before us, appellant's defense was that he did not voluntarily participate in the entire criminal escapade and therefore lacked the requisite specific intent to commit the crimes. Consequently, the evidence would not warrant a finding that appellant entertained the specific intent to abduct appellant at gunpoint but did not intend to hijack the car. His defense was lack of intent to participate in the criminal endeavor at all, not just parts of it. The instruction covering the lesser included offense of confinement was not warranted and therefore its exclusion was not error.

## III.

Pending resolution of this appeal, appellant filed a *pro se* petition for post-conviction relief in the trial court. It was noted in the following entry:

"Defendant JOSEPH JONES offers pro se Petition for Post–Conviction Relief: (H.I.), which is refused for filing for the reason this cause is pending on appeal before the Indiana Supreme Court, and this court is without jurisdiction to entertain the petition."

The petition was then filed here. It alleges the knowing use of perjured testimony by the prosecutor. A conviction resting upon such testimony is a denial of due process. *United States v. Agurs*, 427 U.S. 97, 96 S.Ct. 2392, 49 L.Ed.2d 342 (1976). The allegation is that the officers testified at trial that appellant and his associate ran from the car together while the police report indicates the two fled in separate directions, or at least were pursued by separate officers, and that the testimony was therefore perjury.

Pursuant to our holding in *Davis v. State* (1977), 267 Ind. 152, 368 N.E.2d 1149, the petition has been examined, and it does not show a substantial likelihood of success or of mooting this appeal. It has been deter-

mined therefore that the jurisdiction of the trial court to entertain this petition should not now be granted, but should await final disposition of this appeal.

The trial court is affirmed.

SHEPARD, C.J., and GIVAN, PIVARNIK and DICKSON, JJ., concur.