Donald R. AVANCE, Appellant,

v.

STATE of Indiana, Appellee.

No. 20S00-8809-CR-841.

Supreme Court of Indiana.

March 21, 1991.

Susan K. Carpenter, Public Defender, J. Michael Sauer, Deputy Public Defender, Indianapolis, for appellant.

Linley E. Pearson, Atty. Gen., Danielle Sheff, Deputy Atty. Gen., Indianapolis, for appellee.

GIVAN, Justice.

A jury trial resulted in the conviction of appellant of murder for which he received a sentence of sixty (60) years.

The facts are: On the evening of August 15, 1986, appellant, Jeff Small, and Andrew Grove drove from South Bend to Elkhart to attend a party. Ella Davis also joined appellant, Small, and Grove after the party. Later that evening, they encountered members of a rival gang. Appellant, Small, and Grove then discovered some vehicles belonging to the rival gang members and they slashed the tires on these vehicles. Soon thereafter William Wilks (the victim), Regina Haynes, and three other members of the rival gang returned to their vehicles and discovered the slashed tires.

Wilks, Haynes, and the other three decided to walk to a friend's nearby home, and as Haynes was about to knock on the door, appellant, Small, and Grove appeared around the corner of the house and told them to "freeze." Wilks and Haynes did not move but the other three fled. About this time, Small grabbed Haynes and told her to run, which she did. Grove took a sawed-off shotgun from Wilks who pleaded for his life. Grove walked Wilks toward an alley, then shot him in the abdomen with a .32 caliber gun. Grove then shot Wilks in the head as did appellant. Grove wanted to be sure Wilks was dead so he took the sawed-off shotgun and again shot Wilks in the head. Following the shooting, appellant, Small, Grove, and Ella Davis went to a friend's home and discussed the shooting.

On the morning of August 16, 1986, appellant telephoned Eldrena Adams informing her that he was in trouble and wanted to come to her home. Upon arriving, appellant and Renee Adams went to the basement and he told her about the shooting. In addition, he demonstrated the position of Wilks' body for both Eldrena and Renee.

Appellant was arrested at the Adams home.

An autopsy performed on Wilks revealed that he had been shot four times—three times in the head and one time in the abdomen. Three types of guns were used including a .32 caliber gun, a .25 caliber gun, and a 12–gauge shotgun. The pathologist determined that any one of the wounds could have been fatal.

Appellant contends the trial court erred in refusing to instruct the jury on the lesser-included offense of voluntary manslaughter.

The trial court refused appellant's Tendered Instructions Nos. 8, 9, and 10. These instructions in substance stated that certain charges may be deemed by the jury to be included although not explicitly included in the indictment or the information. The instructions then proceeded to define voluntary manslaughter and what constituted provocation. The instructions also described provocation and the resultant sudden heat.

In determining whether an instruction was properly refused, this Court must consider: 1) whether the tendered instruction correctly stated the law; 2) whether there was evidence in the record to support giving the instruction; and 3) whether the substance of the tendered instruction was covered by other instructions given. *Canaan v. State* (1989), Ind., 541 N.E.2d 894. The decision as to what instructions to give lies within the discretion of the trial court. *Id.* As we stated in *Jones v. State* (1988), Ind., 531 N.E.2d 478, 479:

"[A] defendant is not entitled to an instruction on a lesser included offense unless the evidence would have warranted a jury's finding that the lesser offense was committed while the greater was not."

To support appellant's position, he claims that the State's use of the term "knowingly" opens the door to an instruction on the lesser-included offense of voluntary manslaughter, citing *Jones v. State* (1982), Ind., 438 N.E.2d 972. However, as

*Jones* makes clear, it is by careful drafting of the factual allegations of the information that the State may foreclose availability of a lesser-included offense instruction. Here the information is confined to allegations of premeditated murder.

■ Appellant contends there was sufficient evidence of sudden heat thereby requiring the trial court to give the tendered instructions. To support his claim, he contends that appellant and Wilks were members of rival gangs, appellant had been in a shootout with the rival gang a week before Wilks' death, there had been another incident the night before between the gangs, appellant had been shot in the head with buckshot by a rival gang member a few days before Wilks' death, and Small had a brick thrown through his car window by a rival gang member a few days before the crime. As appellant properly notes, an instruction on the lesser-included offense of voluntary manslaughter is not mandatory unless evidence supports a conclusion of sudden heat. *Myers v. State* (1987), Ind., 510 N.E.2d 1360; *Kelley v. State* (1984), Ind., 470 N.E.2d 1322.

On this issue, the trial court stated that it would not submit the alternate verdict on manslaughter or any instruction defining sudden heat because appellant consistently had maintained that he had fired no weapon and had killed no one; therefore, he was guilty of neither manslaughter nor murder. The court further observed there had been no evidence presented that any act was committed by the victim toward appellant that was of such magnitude as to give rise to the killing of the victim in sudden heat. The trial court did not err in refusing appellant's tendered instructions in light of these findings.

Alternatively, appellant contends if either co-perpetrator acted under sudden heat in shooting the victim, then sudden heat would be imputed to him because he acted in concert with them. Again, we find this argument to be without merit.

■ Appellant contends the trial court erred in refusing to allow him to use police reports to impeach a State's witness.

The State filed a motion to quash all *subpoenas duces tecum* issued to the Elkhart city police officers seeking production of their police reports. The trial court granted the motion stating that the police reports were work product, were not discoverable, and were not usable by the defense.

At trial, Eldrena Adams testified that appellant admitted to her that he shot the victim thinking he already was dead but did not ever state to her why he shot the victim. On cross-examination, Adams was asked whether she had offered to provide an alibi for appellant, Small, and Grove, which she denied, and she further denied that she had referred to the Vice Lords Gang as the "Mice Lords." Before resting his case, appellant then submitted his offer of proof and argument in support of the use of police reports at trial. Appellant claimed that the police report would have shown that a police officer had heard Adams offer to provide an alibi for the three and had heard her refer to the Vice Lords as the "Mice Lords." The court again refused to allow the production of the police reports.

To support his position, appellant relies on *Wheeler v. State* (1976), 168 Ind.App. 50, 341 N.E.2d 202. Assuming for the sake of argument that the trial court should have permitted the introduction of the police report for the limited purpose of showing Adams' prior inconsistent statement, it hardly can be conceived that such a statement would benefit appellant. To show that Adams had offered to furnish appellant with an alibi actually supports her statement that he had told her he committed the killing. Otherwise, she would not be offering to make an alibi. Be that as it may, we further would point out that no offer of proof to impeach the witness on these points was made while she was testifying but instead was made at the close of appellant's case. Appellant's failure to make an offer to prove at the time the witness was testifying resulted in a waiver of this issue on appeal. *Strickland v. State* (1977), 265 Ind. 664, 359 N.E.2d 244. We find no error.

■ Appellant contends the trial court erred in allowing a witness to testify over his objection claiming that the witness had not been disclosed on the State's witness list.

The State called LaVette Tyson to which counsel objected claiming lack of disclosure on the part of the State. Tyson's true name was not known until the weekend before the trial, March 5 and 6. In fact, Tyson's statement was taken on March 7 and thereafter was disclosed to appellant when she was called to testify. Tyson's testimony was used to rebut evidence that appellant was unaware of a letter sent to a State's witness. The State is not required to give pretrial notice of possible rebuttal witnesses. *Sharkey v. State* (1989), Ind., 542 N.E.2d 556.

■ Where there is no indication of an attempt to evade a discovery order established by the trial court and where a witness is disclosed to the defense as soon as practical, it is within the trial court's discretion to permit the witness to testify. *See Wilson v. State* (1989), Ind., 533 N.E.2d 114. The State is under no obligation to provide a defendant with a list of its rebuttal witnesses. *Floyd v. State* (1987), Ind., 503 N.E.2d 390. The trial court did not abuse its discretion in allowing this witness to testify.

■ Appellant contends the trial court erred in failing to grant a mistrial based upon the prosecutor's erasure of a diagram prepared by a witness.

Ella Davis, on cross-examination, prepared a diagram on a chalkboard depicting the scene of the crime. Davis did this because she was unable to use a map. The diagram was drawn by Davis in the presence of the jury, and she testified as to her location during the crime. On the day of closing argument, the prosecutor erased the diagram. Appellant objected contending that he wished to use the diagram during closing argument. The diagram never was entered into evidence as an exhibit. To remedy this mistake, the court offered counsel the opportunity to redraw the diagram which counsel did not do.

This Court in *Myers v. State* (1987), Ind., 510 N.E.2d 1360, 1364 stated:

"It is true the negligent destruction or withholding of material evidence by the police or the prosecution may present grounds for reversal. (Citations omitted.) The defendant must establish materiality as a condition precedent to claiming a denial of due process where evidence is negligently lost or withheld by the government, except where the materiality is self-evident or a showing of materiality is prevented by the destruction of the evidence." (Citations omitted.)

Although the prosecutor erased the diagram without counsel's permission, the trial court gave counsel the opportunity to rectify the situation by having the diagram redrawn. In addition, the jury was able to observe the diagram during the testimony of Davis, and they were able to ascertain any discrepancies in her testimony. Although we do not approve of the prosecutor's actions, we find no error in denying a mistrial.

■ Appellant contends his right to a fair trial was denied by the admission of cumulative, repetitious, and gruesome photographs of the victim.

The admission of photographs is within the sound discretion of the trial court and will not be disturbed absent a showing of abuse of discretion. *Games v. State* (1989), Ind., 535 N.E.2d 530, *cert. denied,* — U.S. ——, 110 S.Ct. 205, 107 L.Ed.2d 158. Although a photograph may depict gory or inflammatory details of the crime, this is not, by itself, a sufficient basis for its exclusion from evidence. *Id.* If a photograph is deemed relevant, it should be admitted unless its tendency to inflame the passions of the jury clearly outweighs its relevancy. *Id.*

Appellant admits in his brief that many photographs were introduced and admitted without objection. However, appellant did object to the introduction of State's Exhibits 1 and 2 claiming that the bloody brain matter depicted in the photographs was prejudicial and inflammatory and that they were repetitive of other photographs later

admitted to the jury. In the instant case, these pictures corroborated officer Love's testimony as to the scene of the crime and the location of the body. Although these photographs are gruesome, we cannot say that the prejudicial impact outweighed their relevance. We find no error.

██ Appellant contends the trial court erred in refusing to instruct the jury to carefully scrutinize accomplice testimony.

Appellant's Tendered Instruction No. 5 provided in substance that although a defendant might be found guilty solely upon the testimony of a confessed accomplice, such evidence must be subjected to special scrutiny by the jury and that such testimony is highly suspect. Appellant admits that the use of such an instruction currently is not allowed in this State. *See Cherry v. State* (1972), 258 Ind. 298, 280 N.E.2d 818. We find no merit in appellant's argument. The trial court did not err in refusing the instruction.

██ Appellant contends the trial court failed to consider four statutory mitigating circumstances and contends that the aggravating circumstances were not supported by the record. The trial court determined that no mitigating circumstances existed. As to aggravating circumstances, the trial court found that the killing was a brutal execution-style killing, that appellant, Small, and Grove lay in wait and stalked the victim, that no evidence existed that the victim facilitated the offense, that no evidence of provocation or sudden heat existed, and that no grounds tending to justify the crime existed.

Indiana Code § 35–38–1–3 requires that if the trial court finds aggravating or mitigating circumstances, its record should include a statement for selecting the sentence imposed. The finding of mitigating circumstances is not mandatory and rests within the trial court's discretion. *Graham v. State* (1989), Ind., 535 N.E.2d 1152. A trial court is not obligated to explain why it has not chosen to make a finding of mitigation. *Wilkins v. State* (1986), Ind., 500 N.E.2d 747. After reviewing the record in the instant case and reviewing the trial court's findings, we cannot say the trial court abused its discretion.

██ Appellant also contends the sentence was manifestly unreasonable and disproportionate. A sentence will not be determined to be manifestly unreasonable if any reasonable person could find it to be appropriate in light of the nature of the offense and the character of the offender. *Burgans v. State* (1986), Ind., 500 N.E.2d 183. In light of the evidence presented at trial and the sentencing hearing, we cannot say that the sentence was manifestly unreasonable. Here the trial court adequately established the reasons for enhancing the sentence. We find no error.

The trial court is affirmed.

SHEPARD, C.J., and DICKSON and KRAHULIK, JJ., concur.

DeBRULER, J., concurs with separate opinion.

DeBRULER, Justice, concurring.

Appellant was charged along with Grove and Small with the murder of Wilks. The language of this instrument supports the giving of an instruction on manslaughter. *Reinbold v. State* (1990), Ind., 555 N.E.2d 463. He was entitled to a manslaughter instruction if there was adequate evidence that he acted in sudden heat. I agree that there was not adequate evidence that appellant acted in sudden heat.

The trial court gave an instruction informing the jury that it could find appellant guilty of the murder of Wilks as an accomplice. The State was entitled to this instruction because there was adequate evidence from which the jury might reasonably infer that appellant fired no shot and was merely going along and aiding and abetting Grove. The basis of liability for this instruction was that appellant was an accessory in the commission of the murder of Wilks, and that Grove was the principal. *Thomas v. State* (1987), Ind., 510 N.E.2d 651. If, as claimed by appellant, there was adequate evidence that Groves, the principal under this theory, acted in sudden heat, I would agree with appellant that it would be error to refuse to give a manslaughter

instruction for consideration by the jury. I agree however, that there was not adequate evidence that Groves acted in sudden heat.