Matt SCHECKEL, Appellant
(Defendant Below),

v.

STATE of Indiana, Appellee
(Plaintiff Below).

No. 67S00–9211–CR–923.

Supreme Court of Indiana.

Aug. 31, 1993.

Susan K. Carpenter, Public Defender, Teresa D. Harper, Deputy Public Defender, Indianapolis, IN, for appellant.

Pamela Carter, Atty. Gen., Deana M. McIntire, Deputy Atty. Gen., Indianapolis, IN, for appellee.

DICKSON, Justice.

This direct appeal challenges the trial court's imposition of an enhanced 60–year sentence for class A felony murder. Defendant-appellant Matt Scheckel presents various issues, which we restate as follows: (1) whether the 60–year sentence was based upon unsupported or improper aggravating circumstances, (2) whether the trial court misunderstood the range of available sentences, (3) whether the trial court failed to consider mitigating circumstances supported by the record, and (4) whether the sentence is manifestly unreasonable. Because of our resolution of the other issues, the issue of overall sentence reasonableness will not be addressed.

The offense of murder carries a presumptive 40–year sentence, with not more than 20 years added for aggravating circumstances or not more than 10 years subtracted for mitigating circumstances. Ind. Code § 35–50–2–3. The trial judge, pursu-

ant to the statutory criteria for sentencing under Ind.Code § 35–38–1–7.1(b), identified eight aggravating circumstances, found no mitigating circumstances, and added 20 years to the presumptive 40–year statutory sentence for murder. The sentencing order identified the following as aggravating circumstances:

(1) There is a prior criminal history that consists of alcohol abuse. A Wells County conviction in cause number 90D01–9006–CM–2329, for Driving Under the Influence of Alcohol. The court notes that the defendant was charged with four counts and convicted of Driving Under the Influence of Alcohol. Another conviction in Adams County, cause number 01D01–9005–CM–137, wherein the defendant was charged with nine counts and convicted of three counts, Count II, Operating a Vehicle While Intoxicated as a misdemeanor, Count IV, Reckless Driving, and Count III, a crime of violence, Resisting Law Enforcement.

(2) That the defendant was on probation at the time of the crime committed.

(3) The Court does not know whether or not the defendant had a grudge against the victim in this matter, but it's clear that the defendant was slapped in the face earlier in the evening on the night that the crime was committed.

(4) The Court finds that the victim was in a physically or mentally infirm state in that he was asleep at 3:00 a.m. and had a blood alcohol content of .18 percent.

(5) The Court finds that the facts of the crime are particularly heinous in that the victim was repeatedly stabbed eleven times by the defendant. That is an act of extreme violence.

(6) The defendant threw the murder weapon into the quarry to attempt to hide evidence of his guilt. The defendant later threw the nightstick and bloody pants into a creek to try to hide evidence of his guilt.

(7) That the defendant, when he abuses alcohol, can become violent, and this alcohol abuse and violence runs in his family in that his father was killed in a bar room fight and his father was an acknowledged alcoholic.

(8) The court finds that the defendant is in need of correctional or rehabilitative treatment that can best be found in a penal facility and the court further finds that there were prior attempts at rehabilitation of this defendant that have failed.

Record at 166–67.

### 1. Aggravating Circumstances

■ The defendant asserts that the trial court erroneously considered, as part of his criminal history, prior charges which did not result in conviction. A record of arrest, without more, does not establish the historical fact that a defendant committed a criminal offense and may not be properly considered as evidence of prior criminal history. *Tunstill v. State* (1991), Ind., 568 N.E.2d 539, 544. However, a record of arrests, particularly a lengthy one, may reveal that a defendant has not been deterred even after having been subject to the police authority of the State. *Id.* at 545. Such information may be relevant to the Court's assessment of the defendant's character in terms of the risk that he will commit another crime. *Id.* In its discussion of prior criminal history, the trial court's sentencing statement mentions charged offenses only in the context of multiple charges leading to convictions upon one or more of the charged counts. The trial court's finding of prior criminal history does not rely upon mere arrests or charged offenses without convictions.

■ The defendant contends that the trial court improperly characterized resisting law enforcement, a charge to which he entered a guilty plea, as a "crime of violence." He correctly points out that while there are two elements of Ind.Code § 35–44–3–3 which establish that resisting law enforcement involves the use of force, a third component of the statute defines resisting law enforcement as fleeing from a law enforcement officer after the officer has, by visible or audible means, identified himself and ordered the person to stop. Ind.Code § 35–44–3–3(a)(3). Thus, to the extent that resisting law enforcement does

not necessarily require the application of force, the trial court was, in the absence of further underlying factual detail, potentially inaccurate in characterizing the defendant's conviction for resisting law enforcement as a violent crime. However, regardless of the possible non-violent nature of the defendant's conduct in resisting law enforcement, the trial court did properly recognize the conviction as evidence of prior criminal activity to support an aggravating circumstance for imposition of an enhanced sentence.

■ The defendant contends that the trial court erroneously found that "the victim was in a physically or mentally infirm state in that he was asleep at 3:00 a.m. and had a blood alcohol content of .18 percent." The State concedes that "the record presented on appeal does not contain any reference to the victim's blood alcohol content...." Brief of Appellee at 6. As to the victim's state of sleep, the defendant burst into the victim's motel room during early morning hours when the victim may have been asleep prior to the entry commotion. Thereafter, however, the defendant and the victim engaged in a scuffle, demonstrating that the victim was not asleep when the murder occurred. Record at 152–53. Because the evidence fails to support the trial court's finding that the victim was in a mentally or physically infirm state due to sleep or blood alcohol content, it was error to find an aggravating circumstance under Ind.Code § 35–38–1–7.1(b)(6).

■ The defendant argues that the trial court's finding as an aggravating circumstance that "the defendant was slapped in the face earlier in the evening on the night that the crime was committed" could be interpreted as a mitigating rather than an aggravating circumstance. While the characterization of this circumstance is susceptible to more than one interpretation, any striking of the defendant by the victim occurred several hours before the commission of the murder. The interval between the defendant's being slapped and the commission of the crime effectively depreciates any basis for the defendant's apparent attempt to characterize the murder as a pro-voked occurrence which could, under Ind. Code § 35–38–1–7.1(c)(5), constitute evidence of a mitigating circumstance. The trial court reasonably could have instead interpreted the slapping of the defendant by the victim as motivation for the defendant to seek calculated or premeditated revenge. This circumstance could conceivably qualify as an aggravating circumstance under Ind.Code § 35–38–1–7.1(d), which provides that the statutorily enumerated aggravating circumstances of subsections (b) and (c) do not limit the matters that a court may consider in determining the sentence.

■ The defendant also claims that it was improper for the trial court to find that "the defendant, when he abuses alcohol, can become violent, and this alcohol abuse and violence runs in his family in that his father was killed in a bar room fight and his father was an acknowledged alcoholic." While there is ample evidence that the defendant had engaged in alcohol abuse, the record does not support the finding of prior alcohol-related violence. The evidence is likewise inadequate to demonstrate that family alcoholism and violence may be used as reliable predictors of the defendant's propensities for similar behavior. To this extent, the trial court's finding was error.

■ Notwithstanding the merit in some of the defendant's allegations of trial court error in the consideration of aggravating circumstances, "[w]hen a reviewing court can identify sufficient aggravating circumstances to persuade it that the trial court would have entered the same sentence even absent the impermissible factor it should affirm the trial court's decision." *Day v. State* (1990), Ind., 560 N.E.2d 641, 643. Despite a trial court's use of an improper aggravating circumstance to enhance a sentence, this Court will affirm if the other aggravating circumstances are adequate to support the sentence imposed. *Owens v. State* (1989), Ind., 544 N.E.2d 1375, 1378.

■ In the present case, the trial court's enhancement of the presumptive sentence because of aggravating circumstances was

merited. Despite the erroneous finding of several factors as aggravating circumstances, we are nevertheless convinced that, even absent the misperceived aggravators, there existed other serious aggravating circumstances upon which, considered together, the trial court would properly have based its imposition of an enhanced sentence. The commission of the murder was particularly heinous, the defendant was on probation at the time the murder was committed, the defendant had an established prior criminal history, and previous rehabilitative treatment of the defendant was ineffective. It was not error to consider the proven aggravating circumstances to support an enhancement of the presumptive sentence.

### 2. Misunderstanding of Potential Sentences

The defendant contends that the trial court was mistaken in its understanding that because the State dismissed the burglary count, the trial court was absolved of a consideration of mercy to be extended to the defendant. In support of his assertion, the defendant cites the following statement issued by the trial court during the sentencing hearing:

> And by dismissing Count Two [burglary], the State has saved you a potential fifty additional years in prison. And I think the State of Indiana has been as merciful as it can be.

Record at 296. The defendant argues that because Count I alternatively charged felony murder and intentional or knowing murder, if he had proceeded to trial and been convicted of Count I on either theory, he could not have been sentenced to 50 years for the underlying burglary felony because the underlying felony would have merged with the felony murder at sentencing. The defendant thus contends that the trial court erred in concluding that he was "saved" a potential 50-year sentence, a conclusion that improperly influenced the trial court to impose the 20-year sentence enhancement.

■ While we agree with the defendant that the trial court's statement of the State's having "saved" the defendant a 50-year sentence is inaccurate, we decline to infer that it was a factor in the trial court's enhancement of the presumptive sentence since it is not among the aggravating circumstances articulated in the trial court's sentencing order.

### 3. Mitigating Circumstances

The defendant asserts that it was error for the trial court to find that there were no mitigating circumstances. He argues that because evidence was presented to establish that he met several of the statutory criteria of mitigation, the trial court must have overlooked facts which mitigate his sentence.

■ Ind.Code § 35–38–1–3 requires that if the trial court finds aggravating or mitigating circumstances, its record must include "a statement of the court's reasons for selecting the sentence that it imposes." The statement of reasons should contain three elements: 1) identification of all significant mitigating and aggravating circumstances found, 2) specific facts and reasons which lead the court to find the existence of each such circumstance, and 3) articulation demonstrating that the mitigating and aggravating circumstances have been evaluated and balanced in determination of the sentence. Hammons v. State (1986), Ind., 493 N.E.2d 1250, 1254; Jones v. State (1984), Ind., 467 N.E.2d 681, 683. We have previously looked with disfavor upon a trial court which fails to discuss, evaluate, or make a finding of mitigating factors when significant mitigating circumstances are clearly supported by the record. Wilkins v. State (1986), Ind., 500 N.E.2d 747, 749. While a trial court is not obligated to explain why it has not chosen to make a finding of mitigation, Avance v. State (1991), Ind., 567 N.E.2d 1149, 1154, the trial judge may not ignore facts in the record which would mitigate the offense. Dockery v. State (1987), Ind.App., 504 N.E.2d 291, 297. Thoroughness and specificity in the sentencing statement facilitate meaningful appellate review. Henderson v. State (1986), Ind., 489 N.E.2d 68, 72. The trial court should not simply repeat

statutory language. *Totten v. State* (1985), Ind., 486 N.E.2d 519, 522; *Page v. State* (1981), Ind., 424 N.E.2d 1021, 1023, *on remand* (1982), Ind., 442 N.E.2d 977. Failure to find mitigating circumstances when clearly supported by the record may imply that they were overlooked and not properly considered. *Jones*, 467 N.E.2d at 683.

■ In the present case, evidence presented in support of mitigating circumstances was substantial. During the sentencing hearing, fourteen persons, including members of the defendant's family, friends, a co-worker, and a pastor portrayed the defendant as a person with positive character traits: loving (Record at 246, 249), trusted (Record at 246–47, 277), caring (Record at 251–52, 256), helpful (Record at 256, 257, 275), responsible (Record at 267), sensitive (Record at 270, 281), not mean-natured (Record at 247, 277), and a good person (Record at 270–71, 275, 281). The defendant had been employed at a department store (Record at 241) and previously served as an orderly at a hospital (Record at 242–43). He had been a volunteer teacher in a community children's tumbling program (Record at 243–45), as well as assisting with a church activity (Record at 245–46). At the time the crime was committed, he had been accepted to the School of Nursing at Indiana University (Record at 242, 281). The defendant was described as not being aggressive or threatening (Record at 247, 251, 254, 261, 264, 265, 267, 272, 274, 276, 285) and not in need of long-term incarceration (Record at 254, 285). His father was an alcoholic (Record at 252), a circumstance which affected the defendant and his entire family (Record at 253). The defendant was portrayed as a good worker (Record at 260, 267) with much promise (Record at 283). Although experiencing drinking problems, he was direct in facing the consequences (Record at 280). Testimony also indicated that the defendant's crime was not in keeping with his character (Record at 279, 281, 285).

Additionally, the pre-sentence investigation report largely corroborated these observations, further providing hospital employment performance appraisals reflecting that the defendant was cooperative, friendly, willing to work, effective, kind toward patients, and concerned for patient safety (Record at 145, 157–161). Evidence was also presented that the defendant had been sexually molested as a child, and two years before his arrest for murder, he was involved in an automobile accident in which a young mother of two was killed. He received no counseling for either event (Record at 125, 128, 132).

The trial court's sentencing order states: "The Court finds that there are no mitigating circumstances in this matter." Record at 167. No other statement regarding the evidence of mitigating circumstances or its evaluation for weight and credibility is provided. Under such circumstances, because evidence of significant mitigating circumstances is presented by the record, we conclude that it was erroneously overlooked or not properly considered. The resulting sentence must be vacated.

### 4. Conclusion

The trial court's sentencing order is vacated, and this cause is remanded for reconsideration of the sentence to be imposed. The trial court in its discretion may permit or refuse additional evidence on the sentencing issues.

SHEPARD, C.J., and DeBRULER and KRAHULIK, JJ., concur.

GIVAN, J., dissents in separate opinion.

GIVAN, Justice, dissenting.

I respectfully dissent from the majority opinion in this case in that they have vacated the sentencing of appellant and remanded the case to the trial court for consideration of mitigating circumstances.

Experience in deciding the many criminal cases that come before this Court each year demonstrates that even the most heinous of criminals quite often have friends and relatives who testify as to their kind and loving nature, their artistic abilities, philanthropic works, etc.

A trial judge is quite often bombarded by these obviously biased and exaggerated comments concerning a defendant's nature. When a judge is faced with the hard reality of an extremely brutal crime, it is unreasonable to expect him to enter into a long dissertation as to why he does not believe the impassioned plea of a grieving mother or the naive pontifications of biased friends.

I believe the trial judge in this case was not obligated to explain why he had chosen to find no mitigating circumstances. *See Gaddie v. State* (1991), Ind., 566 N.E.2d 535. I would affirm the trial court.