Ronald K. **BRETZ**, Jr., Appellant–
Defendant,

v.

**STATE** of Indiana, Appellee–Appellee.

No. 18A02–9804–CR–307.

Court of Appeals of Indiana.

Nov. 23, 1998.

Joseph P. Hunter, Muncie, for Appellant–Defendant.

Jeffrey A. Modisett, Attorney General, Priscilla J. Fossum, Deputy Attorney General, Indianapolis, for Appellee–Appellee.

## OPINION

STATON, Judge.

Ronald Bretz, Jr. appeals the imposition of an enhanced sentence pursuant to his conviction for theft, a Class D felony.[1] Bretz raises one issue on appeal, which we restate as: whether the sentencing court failed to con-

sider certain mitigating factors that were clearly supported by the record.

We remand with instructions.

The trial court imposed a two year sentence on Bretz, which is six months more than the presumptive sentence for a Class D felony.[2] Bretz argues that the sentencing court overlooked the following potential mitigating factors in determining the sentence to be imposed: Bretz's cooperation with the police, Bretz's voluntary guilty plea, Bretz's problems with alcohol, Bretz's family history, Bretz's remorse, and the fact that the stolen property had been returned to the victim. Because we find the court's sentencing statement to be inadequate, we cannot determine whether it failed to consider the evidence of these potential mitigating factors.

■ While the sentencing court must consider evidence of mitigating factors presented by the defendant, the finding of mitigating circumstances is not mandatory, but lies within the court's discretion. *Lawson v. State,* 664 N.E.2d 773, 779 (Ind.Ct.App. 1996), *trans. denied.* However, when a sentencing court uses aggravating or mitigating circumstances to enhance or reduce a sentence, the court must include in its sentencing statement the following three elements: (1) it must identify all *significant* mitigating and aggravating circumstances, (2) it must state the specific reason why each circumstance is considered to be mitigating or aggravating, and (3) it must articulate that the court evaluated and balanced the mitigating circumstances against the aggravating circumstances to determine if the mitigating circumstances offset the aggravating circumstances. *Scheckel v. State,* 620 N.E.2d 681, 685 (Ind.1993). This requirement of thoroughness and specificity in the sentencing statement facilitates meaningful appellate review. *Id.*

■ In imposing the two year sentence, the sentencing court recited Bretz's lengthy juvenile record, which included, *inter alia,* violation of compulsory school attendance laws and possession of marijuana. The court

---

1. IND.CODE § 35–43–4–2 (1993).

2. IND.CODE § 35–50–2–7 (1993).

further noted that previous formal probation, placement at the Youth Opportunity Center, placement at the Youth Services Bureau, and a three month stint at the Indiana Boys' School had not rehabilitated Bretz and that there was a substantial risk that he would commit another crime. The sentencing court thus clearly identified and supported the aggravating circumstances it found to be present.

With regard to the potential mitigators, on the other hand, the sentencing court merely stated "I don't see a lot of mitigating factors here. You know, he's young, but heck, at age seventeen (17) he has exhausted the resources of the juvenile system." We are unable to discern from this statement whether the sentencing court considered the evidence of potential mitigating factors, but found them insignificant, or whether it found some of them to be significant, but outweighed by the identified aggravators.

Because we are unable to determine the meaning of the sentencing court's statement regarding mitigators, we are unable to determine whether the sentencing court considered the evidence of mitigating factors that it had before it when it imposed the enhanced sentence. We thus remand to the sentencing court for a more complete statement, which should identify, support and evaluate the mitigating factors, if any, which the sentencing court finds significant.

Remanded with instructions.

KIRSCH and ROBB, JJ., concur.